CLARK, administrator, respondent, *v.* NICHOLS ET AL., appellants.

FORECLOSURE OF MORTGAGE — *reasonable attorney fee — frivolous appeal — damages.* In an action in chancery to foreclose a mortgage, which provided, in case of default in payment, for recovery of reasonable attorney's fees, and the complaint demanded for such fees ten per cent on the amount of the claim secured, and the answer neither denied the contract nor the reasonableness of the demand, and the court submitted to the jury for a special finding simply

how much was due on the note secured by the mortgage, without objection of defendants or request for submitting any other issue, and the court, after receiving and approving the finding of the jury, heard evidence on the matter of attorney fees, to which defendants objected, and rendered its decree for the amount due on the note and ten per cent thereon for attorney fees. *Held*, that it was in the discretion of the judge sitting as chancellor to submit special findings to the jury, and that it was not error to hear proof as to the reasonable value of attorney's services after the findings of the jury had been returned into court, to render judgment thereon and include the same in the final decree.

Such action of the court furnished no ground for exception. An appeal based thereon must be regarded as frivolous and for delay only, and as properly calling for the imposition of damages as provided by statute. Civ. Pr. Act, 1872, § 378.

### *Appeal from Second District, Deer Lodge County.*

E. W. TOOLE and SANDERS & CULLEN, for appellants.

The court erred in hearing testimony on the matter of attorney fees, after having approved the finding of the jury as to the amount due on the note secured by the mortgage.

The special issue submitted to the jury should have included all questions of fact raised; failure to do this was a virtual withdrawal of the same. *Gonzales* v. *Leon*, 31 Cal. 98; 23 id. 282.

These questions may be reviewed without motion for new trial. *Allen* v. *Hill*, 16 Cal. 113.

Facts must be found expressly, not impliedly. *Breeze* v. *Doyle*, 19 Cal. 101.

There was no sufficient finding upon the issue of defendant's unsoundness of mind.

W. W. DIXON, for respondent.

The answer did not deny the allegation as to attorney fees and so raised no issue to submit to a jury. Appellant did not ask a finding from the jury on such an issue.

In chancery cases the court exercises its discretion as to what issues shall go to a jury and may adopt or reject its findings.

This case is governed by the Practice Act contained in the Codified Statutes 1872, having been commenced in May, 1877.

Appellants asked no other findings to be submitted to the jury, and did not except to any want of finding on any point. They are not in condition to prosecute an appeal. See Cod. Stats. 71, § 220. The issues submitted were as broad as the pleadings.

The record shows that the appeal is frivolous and respondent moves that the judgment of the court below be affirmed with just damages as provided by statute and the rules of this court. Cod. Stats. 108, § 378; Rule 23 of this court.

WADE, C. J. This is a suit in chancery to foreclose a mortgage. Special issues were submitted to a jury, who returned the same into court, and, among other things, found the amount due to the plaintiff from the defendant Nichols upon the note secured by the mortgage. In addition to the amount of the note, the complaint demanded a certain sum alleged to be due the plaintiff from the defendant upon a certain contract contained in the mortgage, whereby it was stipulated and agreed between the parties, that in case default be made in the pay-. ment of the note, or any part thereof, or interest thereon, and the mortgage foreclosed, the defendant Nichols, mortgagor, would pay to Scott, mortgagee, as expenses of foreclosure, a reasonable attorney's fee, and that the mortgage was intended to secure the payment of the same. The averments of the complaint were admitted by the answer. After the return of the special findings by the jury, proof was introduced before the judge to show the reasonable value of the attorney's fees for foreclosing the mortgage, to the introduction of which the defendant objected, and filed his bill of exceptions, the only exception in the case. After hearing this proof, and approving and adopting the findings of the jury upon the special issues, the court rendered a decree in favor of the plaintiff for the amount due upon the note and the amount due as attorney's fees, by virtue of the agreement contained in the mortgage. There were no objections to the issues submitted to the jury, and no demand for the submission of any other or different issues, and no objections to the findings of the court or to the decree, and the sole question

that can be legitimately discussed or decided herein is : Did the court err in receiving proof of the reasonable value of the attorney's fees for foreclosing the mortgage, after the special findings of the jury had been returned into court ?

This is a suit in chancery, tried before the judge sitting as a chancellor, from whom emanates the decree, and who is entirely responsible therefor. In such a suit the chancellor may send any one or more, or all the issues to a jury in aid of his conscience, or he may dispense with a jury altogether, and try all the issues himself. In either case, the chancellor is alone responsible for the decree ; for if special issues are sent to a jury, he must either approve or reject them, and if he reject, make other findings upon the proof. These principles are elementary, and I doubt if they were ever seriously questioned.

It follows, therefore, that it was entirely legitimate in this case for the judge to send certain issues to a jury, and to hear proof upon others himself, and after approving or rejecting the findings of the jury, and making others of his own, upon the whole case, the pleadings, the evidence and the findings, to render a decree in accordance therewith.

Besides all this, the contract for attorney's fees upon foreclosure, and that the reasonable value thereof was ten per cent upon the amount found due upon the note, is admitted by the defendant in his answer. It would, therefore, have been folly to have submitted to the jury a special issue upon that question. But the court in rendering a decree must take into account not only the facts established by the evidence, but all matters admitted in the pleadings. And because the chancellor took the precaution, in order further to satisfy himself as to the value of the attorney's fees, to hear proof as to such value, notwithstanding defendant's admission, was no error.

There can be no real controversy over the question raised by the one single exception contained in the record, and there was no good reason for appealing this case to this court. The appellant's purpose evidently was to delay the execution of the judgment against him, and in such cases it becomes our duty, under the statute, not only to tax the costs to the appellant, but to add

thereto a judgment against him for such damages as may be just. The judgment is, therefore, affirmed, and it is ordered that the costs of the appeal be taxed to the appellant, and that the respondent recover against him a judgment equal to five per cent upon the amount of the judgment in the district court.

*Judgment affirmed, with penalty.*