## SECOND NATIONAL BANK OF HELENA, respondent, *v.* KLEINSCHMIDT ET AL., appellants.

CIVIL PRACTICE. — *When a case is at issue, and a defendant consents to a
judgment by default against him, the allegations of the plaintiff must be con-
sidered proved.* — Plaintiff brought an action on a promissory note.    Certain
of the defendants appeared, but failed to answer, and consented to judgment
being taken against them.    The two other defendants answered, setting
forth that they were accommodation makers only, and other facts as a de-
fense.    Plaintiff replied and denied said averments.    Thereupon, by consent,
judgment was taken also against the two defendants who had answered.
*Held*, that there was nothing to try, and that the court had nothing to do
but to render judgment for the amount claimed against all the defendants.

*The record on appeal should show upon what a motion is based; and a motion
cannot be made after judgment upon allegations in a pleading.* — In the above
action, the defendants who had answered moved the court, after judgment,
to order that an execution be first issued against their co-defendants.    The
record failed to show anything upon which said motion was based.    *Held*,
that resort could not be had to the allegations set forth in defendants'
answer, which had been waived, to sustain said motion.

*Damages will be awarded when it appears that an appeal is taken for delay.* —
In the above case, after an inspection of the record, the court held that the
appeal was taken for delay, and awarded damages against appellants in the
sum of one hundred dollars, under rule 23 of the supreme court, which
reads as follows: "In any case, if the court is satisfied from the record
that the appeal was taken for delay, such damages shall be awarded as may
under the circumstances be proper, and as shall tend to prevent the taking
of appeals for delay."

*Appeal from District Court, Lewis and Clarke County.*

E. D. EDGERTON, and CARTER, CLAYBERG, & MADDOX, for the respondent.

It is a fundamental principle that a judgment is conclusive of every fact necessary to uphold it. Freeman on Judgments, sec. 331. The recitals in a judgment are *prima facie* evidence of the facts stated. Hayne on New Trial and Appeal, sec. 231, and cases cited; *Leese* v. *Clark*, 28 Cal. 27–36. The court did not err in denying appellants' motion to have execution issue against the other defendants first. A court has control of its own process, and this court will not interfere with the action of the lower court, unless there has been a gross abuse of discretion. *Black* v. *Appollonio*, 1 Mont. 345; *Loeb* v. *Schmidt*, 1 Mont. 87; *Wormall* v. *Reins*, 1 Mont. 630; *Territory* v. *Perkins*, 2 Mont. 467; *Clarke* v. *Gonu*, 2 Mont. 538; Hayne on New Trial and Appeal, sec. 389, and cases cited. And this court will not look outside of the record and presume an abuse to have existed. It must clearly appear from the record, because this court will never presume error. *Ming* v. *Truett*, 1 Mont. 322; *McMullen* v. *Armstrong*, 1 Mont. 486; *Dunschen* v. *Higgins*, 2 Mont. 302; *Ervine* v. *Palmer*, 2 Mont. 605; *Ervin* v. *Collier*, 3 Mont. 189; *Fabian* v. *Collins*, 3 Mont. 215; Hayne on New Trial and Appeal, sec. 285, and cases cited.

We submit that this appeal was not taken in good faith, and under rule 23 of the supreme court these appellants should be compelled to pay a penalty. *Ramsey* v. *Cortland Cattle Co.*, 6 Mont. 498.

TOOLE & WALLACE, for the appellants, had no brief on file.

THE opinion states the case.

McLeary, J.   This action was brought on the thirtieth day of September, 1886, by the respondent against the defendants, to recover judgment on a certain promissory note, dated May 14, 1884, for the principal sum of five thousand five hundred dollars and interest.   Personal service was had upon all the defendants in the case.   On the nineteenth day of November, 1886, Reinhold H. Kleinschmidt and Louis Hillebrecht filed their answer to the complaint, to which a replication was filed by plaintiff on the twenty-second day of November, 1886.   Blackfoot Horse and Cattle Company, Carl Kleinschmidt, and Albert Kleinschmidt, entered their appearance by their attorneys, but failed to answer within the time limited by law; whereupon their default was duly entered in open court, by and with the consent of their attorneys.   On the 8th of December, 1886, the case came regularly on for trial upon the complaint, the answer of Reinhold H. Kleinschmidt, and Louis Hillebrecht, and the replication filed thereto by plaintiff.   The defendants Reinhold H. Kleinschmidt and Louis Hellebrecht, by their attorneys, in open court waived a trial of the issue thus formed, and consented that their default might also be entered.   The court below entered judgment for the amount due on the note, on the eighth day of December, 1886, in the sum of $6,917.61, and $11.65 costs of suit.

On the 24th of December, 1886, the defendants Reinhold H. Kleinschmidt and Louis Hillebrecht moved the court to direct and order that an execution be first issued against the property of the other defendants named in the action, which the court overruled, and to which they then and there excepted.

The transcript in the case presents but two questions, to wit: 1. Was the judgment authorized?   2. Was the motion of appellants, for issue of execution against the property of the other defendants, properly denied?

We will examine these questions in the order in which they are stated in the brief of the appellants.

1. We find, upon an examination of the transcript, that the appealing defendants were copartners, doing business in the city of Helena, and were the makers of the notes sued upon. They claimed in their answer that they were accommodation makers only, and undertook to set up facts which, if true, might possibly have modified the judgment as against them; but the plaintiff filed a replication to this answer, in which it denied all the material allegations of the answer, and alleged facts which would show, beyond cavil or question, the right of plaintiff to recover a judgment against the appellants. This formed a distinct and fair issue for trial between the appellants and plaintiff. This issue came on for trial, whereupon the appellants refused to proceed, but waived a trial, and consented that their default might be taken. This was done. As already shown, the default of all the other defendants had been entered by consent, so that when the appellants waived their right of trial, and consented to default, there was nothing to try, and the court could do nothing but enter judgment for the amount claimed by plaintiff against all the defendants. In this there was no error committed.

2. As to the denial of the motion: there is nothing in the record to show on what the motion was based. We suppose it to have been based on the allegations set out in the defendants' answer. But these allegations were denied by the plaintiff in its replication, and were not supported by any proof whatsoever; and furthermore, the record shows that the appellants waived a trial, and consented that their default be entered. This left no issue of any kind whatever to be tried, and was a virtual confession of all the allegations in the complaint. The recitals in the judgment, which in this case must be taken as correct, show that this was, in effect, a judg-

ment by consent. There is nothing in this record to support the motion made by these defendants below, and it was properly denied.

No brief is filed for the appellants, and indeed, there does not appear sufficient irregularity in the record on which to make even a show of contest. From an inspection of the record, and a careful consideration of all the facts and circumstances of this case, we consider this a proper case for the enforcement of rule 23. Damages for delay are therefore awarded against the appellants in the sum of one hundred dollars, and the judgment is affirmed, with costs.

*Judgment affirmed.*

McCONNELL, C. J., BACH, J., and GALBRAITH, J., concur.