BURNS, Respondent, *v.* PAULSEN, et al., Appellants.

[Submitted June 17, 1895.　Decided June 24, 1895.]

Appeal—*Evidence.*—On an appeal from the judgment, the evidence when not contained in the record, will be presumed to support the judgment.

Interest—*Pleading.*—Averments in a complaint that the defendants have not paid any part of the sums demanded; that they have been often requested so to do, but have wholly refused to pay the same, to the unreasonable and vexatious delay of the plaintiff, are sufficient to sustain a judgment for interest.

Frivolous Appeal—*Penalty.*—A penalty for a frivolous appeal will be imposed by this court in affirming a judgment from which an appeal was taken apparently for delay and vexation of the plaintiff.

*Appeal from First Judicial District, Lewis and Clarke County.*

Action for debt.　Judgment was rendered for plaintiff below by Buck, J.　Affirmed.

*McConnell, Clayberg & Gunn* and *O. W. McConnell,* for Respondent.

Per Curiam.—This action was brought by plaintiff to obtain judgment for $546, balance of an account owing by defendants for personal services, also for $92.95, money advanced by him to defendants, and also for $100 on an account

assigned to plaintiff by the Boyce National Bank. The case was tried to the court without a jury, and judgment rendered for plaintiff for the whole of the several sums. The court also gave judgment for interest, by reason of unreasonable and vexatious delay. Defendants appeal from the judgment. No motion for new trial was made, and the evidence is not before us. It· is presumed that the evidence sustained the judgment.

The only point raised upon the appeal is that judgment should not have been rendered for interest. In the absence of the evidence, we must presume that it was sufficient to sustain the finding of unreasonable and vexatious delay. We are also of opinion that the complaint in this respect is sufficient. It alleges that the defendants have not paid any part of the sums demanded; that they have been often requested so to do, but have wholly refused to pay the same, to the unreasonable and vexatious delay of the plaintiff. (*Jefferson Co. Com's* v. *Lineberger*, 3 Mont. 246; *Maddox* v. *Rader*, 9 Mont. 138.) The judgment is affirmed, with costs.

This appeal was absolutely frivolous. There is not even a contention that the judgment for the amount claimed was not proper. While a brief was filed on the part of the appellants, contesting the allowance of interest, counsel did not appear to argue the case, and the suggestion that the pleading is not sufficient to sustain the judgment for interest is equally frivolous. It is perfectly apparent that the only object of the appeal is delay, and the vexation of the plaintiff. In order to discourage such appeals, it is ordered that a penalty of $75 be imposed upon the defendants for a frivolous appeal, and that the judgment of the district court, as affirmed, be increased in said amount. (*Clark* v. *Nichols*, 3 Mont. 372; *Wykoff* v. *Loeber*, 5 Mont. 535; *Ramsey* v. *Cattle Co.*, 6 Mont. 498; *Second National Bank* v. *Kleinschmidt*, 7 Mont. 146.)

*Affirmed.*