Bosworth, J.
This action is brought against the defendants as partners. The pleadings and proofs show that Devin, without the knowledge or assent of Butterly, signed the firm’s name fo an instrument, guaranteeing to the plaintiffs punctual payment by Eitzgerald, for all goods they might sell him after March, 1853, the liability under the guaranty not to exceed $300, at any time. Butterly is conceded to be not liable. The only question is this: the plaintiffs having sued the defendants, as partners, on a contract purporting to be signed by the firm, and bearing the genuine signature of the firm, can they have judgment against one only, when it is clear that the other defendant is not liable ?
Under the old system it was well settled, that in an action against several as partners, or joint contractors, if the evidence established that too many persons were made defendants, and that the contract was not obligatory upon all as the joint contract of all, the plaintiff could not recover against any of the *447 defendants, although the only persons liable were in fact made defendants in the action. (Chitty on Pleadings, 50).
In actions upon conti'acts, it was also necessary that all of several joint promisees should be made plaintiffs. If these were too many or too few parties, the plaintiffs could not recover in that action. The consequence was, that for such a defect of parties, either plaintiffs or defendants, the plaintiffs were driven to a new action and were subjected to the costs of all the defendants in the first action. Section 274 of the Code provides that judgment may be given for or against one or more of several plaintiffs and for or against one or more of several defendants. This language is broad enough to admit of a judgment being recovered against one of two persons sued as partners, and of a judgment being rendered in the same action against the plaintiffs in favor of the other defendant. The codifiers, in the note to this section and which was reported with it to the legislature, referred to the rules in actions at law above stated and suggested that this section was designed among other purposes, to abrogate those rules and allow a judgment to be taken in favor of the plaintiffs shown to be entitled to recover, and against the defendants shown to be liable. The legislature passed the section with this avowal of the intent with which it was drawn well known to it. It is not unreasonable to infer that they passed it to enable that intent to be realized. In this case although the contract, on its face, is the contract of a firm, and although all the members of the firm are prosecuted as being the parties who made it, yet the pleadings and proofs show that in legal effect it is the contract of one of the members of the firm only, and a recovery is had accordingly.
In Brumskell v. James, (1 Kern., 294-301), the action was on a note made in the copartnership name of Eaglesum & Co., and was brought against James and Eliza Eaglesum as being the persons composing the firm. James Eaglesum alone appeared and defended. It turned out that his partner was his wife. The judge at the circuit was requested to charge the jury, that if they found that at the time the notes were made the defendants were man and wife, they should render a verdict for the defendants. This the judge refused to do, *448 but charged, that “ where an action is brought against two persons and it turns out that only one was ever liable, the judgment may be against the one so liable.” To this charge and to the refusal to charge as requested, exceptions were taken. In speaking of these exceptions the court say, the defendant “ relies upon the misjoinder and upon the general rule of the common law, that where a joint contract is the subject of the suit, the recovery must be against all the defendants or neither. This was the inconvenience the above provisions of the Code were designed to remedy, and no case is likely to be presented in which their application would be more manifestly equitable and just than the present.” All the judges, except Selden, J., concurred in that opinion. In this action, it is enough to sustain the decision made at the trial, and to entitle the plaintiff to a judgment on his verdict, to hold that when two defendants are sued jointly on a contract, which, on its face, is the joint contract of both, but which in legal effect was at all times the contract of one only, a judgment may be rendered against the party liable and in favor of the other. The defendant in such a case might have been sued alone and a recovery had against him, on a complaint stating the actual facts. This rule has been applied by the Supreme Court at general term, when the same court held that under section 274 of the Code as construed by them, a recovery could not be had against one of several defendants alone, except when such a judgment could have been had against him if he had been sued alone. (Parker v. Jackson, 16 Barb., 33). The latter rule virtually concedes that in all cases, where several are sued as joint contractors, a recovery may be had against the parties who made the contract, although it is not the joint contract of all. For had those who made it been sued alone, a recovery could have been had against them as a matter of course. (Harrington v. Hingham, 15 Barb., 524).
The plaintiff is entitled to judgment on the verdict against the defendant Devin.