By the Court—Monell, J.
I think it is clear that the defendants, inter sese, were not partners. The arrangement between them lacked the communion of “ profits ” without which a partnership inter sese cannot exist. (Collyer on Part., § 19; Story on Part., §§ 46, 54, 59, 60, 61; 1 Pars, on Cont., 133, 134.) Jerome had no right to the profits, having agreed at the outset of the enterprise that they should be divided exclusively between Bourcicault and Stuart; nor could he be made liable, as between himself and Bourcicault and Stuart, for the losses, his promise to share them being without consideration and void.
If, however, the defendants held themselves out to the plaintiff as partners, and he entered upon his employment under the belief that they were such, then, although in fact as between themselves, they were not partners, still the defendant Jerome would be liable upon all the contracts of the firm made with the plaintiff.
The Referee has not found that there was a partnership, but that there was a joint entering upon the enterprise by the defendants and a joint employment of the plaintiff; and, as I understand his conclusion, he rests his decision upon these facts and not upon any supposed or quasi partnership between the defendants.
If the evidence warrants the conclusion that the defend *224 ants jointly employed the plaintiff, then the defendant Jerome is liable, whether a partner with them or not, provided the claim be such as is embraced within the promise, express or implied, of the defendants. It becomes necessary, therefore, to look at the evidence to see whether the Referee’s conclusion is supported by the proofs.
The plaintiff testified that he was engaged as treasurer for three partners, Stuart, Jerome and Bourcicault, and that he was employed by the defendants. Again, he says that he was requested by all three to act as treasurer; that they were to go in equal, to share the losses and profits, and that Mr. Jerome was in the habit of going to the treasurer’s office. He testified to .several interviews between the defendants, when the subject of the concerts was discussed, and in which Mr. Jerome participated, and that he distinctly recollected that it was agreed that they all should share the profits and losses.
Robert Stoepel testified, that he was the musical director of the concerts; that he was at Mr. Bourcicault’s house, before the concerts commenced, when Mr. Jerome was present; that Bourcicault asked witness to act as musical director; that witness asked Mr. Bourcicault if it was his own undertaking, and he replied that it was a partnership between Stuart, Jerome, and himself; that Jerome was within hearing of the conversation, which was loud enough to be heard by all.
William Stuart, one of the defendants, called by the plaintiff, testified that Mr. Jerome, Mr. Bourcicault and himself, were supposed to furnish the means of carrying the concerts on; that Mr. Jerome was not to share in the profits, but was to share in the losses; that he backed the enterprise up in a spirit of friendship toward Mr. Bourcicault and himself. In answer to the question “were there any other partners in the undertaking ?” the witness said “no, none except us three." He further testified: that the plaintiff was employed to receive the money at the door, and to make disbursements of current expenses. He said “Jerome did actually bear his share of the losses; *225 they were divided into three parts and he gave his cheek for one ” of the parts.
The evidence, on the part of the defendant, Jerome, was intended to, and, as I think, did clearly establish that Jerome was not a partner, inter sese; that he was not to share in the profits, and that he agreed to bear a third of the losses merely in a spirit of friendship to help along the enterprise. Mr. Bourcicault says, in his testimony, that himself and Mr. Stuart were the parties to the arrangement under which the concerts were to be given. And the defendant, Jerome, testified that there was not any agreement or understanding between him and Stuart and Bourcicault, or either of them, or any other person, at any time or in any form, by which he was to participate to any extent, in any profits which might result from the enterprise; that he simply told Mr. Bourcicault and Mr. Stuart to go ahead, and that he would assist them, back them, and stand by them; that it was purely a matter of friendship.
The testimony of Bourcicault and Jerome, that Jerome was not to share in the profits, is sustained by Stuart, and not contradicted, except by the plaintiff, whose testimony, on that subject, is inferential merely, and not positive.
The evidence, therefore, that a partnership, inter sese, did not exist, is satisfactory, and must be deemed conclusive.
It is to be observed, however, that here the defendant seems to have stopped; for I do not find any evidence to contradict the plaintiff’s employment, nor the plaintiff’s claim that the defendant, by his acts, declarations and admissions, held himself out to the plaintiff as a partner. The plaintiff testified that he was employed by Stuart, Jerome and Bourcicault, to act as treasurer; he also testified to interviews between the three parties, in which the subject of the concerts was discussed. Mr. Stoepel testifies to the declaration of Mr. Bourcicault, which he says was within the hearing of Jerome, that it was a “partnership” with Stuart, Jerome and himself. None of this *226 testimony is any where contradicted. Mr. Jerome, who was examined on his own behalf, was not asked whether these statements were true, nor did he give any testimony on the subject; and Mr. Bourcicault’s evidence, although taken conditionally before the trial, is equally silent.
It must, therefore, be deemed to be conceded that there was some evidence that the defendant, Jerome, held himself out to the plaintiff as a partner; and I think there was sufficient evidence, on that branch of the case, to sustain the conclusion of the Referee that the plaintiff was entitled to judgment against the defendant Jerome. If it was untrue, Jerome, who had the opportunity, could have contradicted it, and not having done so, he is bound by the effect which the law gives to his silence.
The objection that a recovery could not be had against two of several defendants where the suit and cause of action was upon an alleged joint contract of three, was not well taken. Under the Code such a recovery and a judgment thereupon is proper. (Brumskill v. James, 1 Kern., 294; Claflin v. Butterly, 5 Duer, 327 ; M’Kensie v. Farrell, 4 Bosw., 192; Pruyn v. Black, 21 N. Y. R., 300.) Besides, the release under the joint debtors’ act, (Laws of 1838, ch. 257,) discharged Bourcicault only, and not the other joint debtors, whose liability continued notwithstanding such discharge.
The judgment must be affirmed.