CONKLIN, respondent, *v.* Fox, appellant.

PLEADING — *waiver of objection to joinder of defendants.* The complaint alleged that the defendants, A., B. and C. were copartners, and that the defendants were indebted to the plaintiff upon an account. The answer denied the allegations of the complaint, but did not plead that too many persons had been joined as defendants, and this fact does not appear in the complaint. The evidence proved that C. alone was indebted to the plaintiff, and judgment was entered against him. *Held,* that C. waived his objection to the number of persons who had been joined as defendants, by failing to plead the matter in his answer. *Held, also,* that the allegation of the copartnership could be treated as immaterial, and that the judgment was proper.

*Appeal from Third District, Lewis and Clarke County.*

THIS action was tried by WADE, C. J.

WOOLFOLK & BULLARD, for appellant.

Fox was charged as a member of a firm, and judgment was entered against him because he was not in the firm. The complaint was not amended. Where evidence establishes a different cause of action from the one complained of, it is a total failure of proof, and cannot be cured by amendment. The *allegata* and

*probata* must correspond.    Code Civ. Pr., § 112; Nash on Pl. 330, 331; Harston's Pr., § 471; 2 Van Santv. on Pl. 824, 825 ; *Moore* v. *McKibbin*, 33 Barb. 246; *Chapman* v. *Carolin*, 3 Bosw. 456 ; *Hall* v. *Morrison*, id. 520 ; *Tomlinson* v. *Monroe*, 41 Cal. 94.

The evidence in the depositions that was not consistent with the complaint should have been struck out.    *Boyce* v. *California S. Co.*, 25 Cal. 460.

The allegation of the partnership was material, and it devolved on respondent to prove it.    Code Civ. Pr., §§ 108, 239 ; *Anable* v. *Conklin*, 25 N. Y. 470; *Smith* v. *Moynihan*, 44 Cal. 54.

This judgment is no bar to another action against appellant for the same case.    1 Smith's L. C. 647.

This was a case of a misjoinder of parties defendant.    In California, under the same statute as ours, it is held that if parties are improperly sued jointly, and the issue is made as to the misjoinder, plaintiff cannot recover.    Harston's Pr., § 578; *Rutenberg* v. *Main*, 47 Cal. 221 ; *South Fork* v. *Snow*, 49 id. 155.

This case was tried outside of the pleadings, and appellant could not be prepared, under the pleadings, to meet the evidence against him.

SANDERS & CULLEN, for respondent.

Under the Code, a several judgment is proper against appellant, the complaint alleging that he is jointly liable with other co-defendants.    Code Civ. Pr., § 231 ; *Rowe* v. *Chandler*, 1 Cal. 168 ; *Lewis* v. *Clarkin*, 18 id. 400; *Kelly* v. *Bandini*, 50 id. 530 ; *Claflin* v. *Batterly*, 5 Duer, 327 ; *People* v. *Crain*, 8 How. Pr. 151.

There is no question of misjoinder in this case.    The appellant has failed to raise it by his answer, if such a defense could be made available to him.    Code Civ. Pr., § 86 ; Moak's Van Santv. Pl. 847; Pomeroy on Rem., §§ 289, 290 ; *Parchen* v. *Peck*, 2 Mon. 567; *Whitney* v. *Stark*, 8 Cal. 514; *Rutenberg* v. *Main*, 47 id. 221.

WOOLFOLK & BULLARD, for appellant, in reply.

A several judgment is proper when an action is brought upon

a joint liability or an apparent joint liability, which is not mentioned by respondent. To this extent only is the common law modified, that, in a joint action, recovery must be had against all or none of the defendants. But respondent did not sue upon an apparent joint liability. The evidence showed that appellant alone was liable, and ·respondent brought a false action against him.

Appellant pleaded the misjoinder of appellant with the other defendants, and took issue on the allegations of the complaint by denying them under the statute. Harston's Pr., § 437; Code Civ. Pr., §§ 87, 89. All the issues were raised by the denials of the answer, and the only one made was as to the partnership. No affirmative allegations were needed to raise the question of misjoinder more fully than the denials of the answer. Code Civ. Pr., § 239.

BLAKE, J. The respondents bring this action on an account for goods sold and delivered to three persons, who are described in one part of the complaint as copartners. The summons was served upon Fox, one of the defendants, and judgment was entered against him alone. The complaint alleges that "said defendants are indebted to these plaintiffs in the sum of * * * upon an account for goods * * * sold and delivered to said defendants by these plaintiffs at their special instance and request." * * * The separate answer of Fox denies the allegations of the complaint, and denies also that he is indebted on his individual account, or in any manner, to the respondents.

The errors which are complained of can be determined by the consideration of one question — Can this judgment be entered against the appellant under the pleadings? The complaint alleges that the defendants are copartners, but it does not state that they are indebted as such copartners to the respondents. The evidence supports the judgment. There is no controversy respecting this branch of the case. Under the Code of Civil Procedure of this Territory, "judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants." § 231. "In an action against

several defendants the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment is proper." Code Civ. Pr., § 232. We are satisfied that we may treat as immaterial the allegations of the complaint concerning the copartnership, and that a cause of action is stated against the defendants. The proof showed that too many persons had been joined as defendants, but this fact does not appear upon the face of the complaint, and the answer of the appellant did not plead it. The appellant thereby waived his objection to the misjoinder of the parties defendant. " If no such objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same." Code Civ. Pr., § 86; *Parchen* v. *Peck*, 2 Mon. 567.

The action of the court in entering the judgment is sustained by the following authorities: Pomeroy on Rem., §§ 289, 290; *Rowe* v. *Chandler*, 1 Cal. 168; *Rutenberg* v. *Main*, 47 id. 213; *Claflin* v. *Batterly*, 5 Duer, 327. In *McIntosh* v. *Ensign*, 28 N. Y. 169, Mr. Justice WRIGHT says: "A plaintiff is not now to be nonsuited because he has brought too many parties into court. If he could recover against any of the defendants upon the facts proved, had he sued them alone, the recovery against them is proper, although he may have joined others with them in the action against whom no liability is shown." The sections of the Code of Civil Procedure, *supra*, embody the principle which is maintained by these authorities. The allegations of the pleadings have been liberally construed, and substantial justice has been done between the parties. Code Civ. Pr., § 98.

*Judgment affirmed.*