FLANDERS, RESPONDENT, *v.* MURPHY ET AL., APPELLANTS.

WAGE WORKERS—*Priorities—Pleading.*—Under section 2050, fifth division of the Compiled Statutes, providing in substance that in all assignments by insolvents to trustees or assignees the wages of employees for services rendered within sixty days immediately previous to such assignment to the extent of two hundred dollars are preferred claims, it is no objection to a complaint in an action by a laborer to enforce his claim that it alleges an assignment to a creditor directly for his sole benefit and not as a trustee or for the benefit of creditors.

*Appeal from Fifth Judicial District, Jefferson County.*

Defendants' demurrer was overruled by GALBRAITH, J.

Statement of the case by the judge delivering the opinion.

This action was brought for the purpose of obtaining relief under the provision of chapter 121 of the General Laws, the act for the protection of wage workers, the first section of which is as follows: "Sec. 2050. That in all assignments of property made by any person, association, corporation, copartnership, chartered company, or corporation, to trustees or assignees on account of inability of assignor at the time of the assignment to pay his or their debts, or in proceedings in insolvency the wages of miners, mechanics, salesmen, servants,

clerks, or laborers employed by such assignor for services rendered within sixty days immediately previous to such assignment, not to exceed $200 for each person, are preferred claims, and must be paid by such trustees or assignees before any other creditor or creditors of such assignor."

The complaint sets forth the following facts: Plaintiff is a laborer. On March 3, 1890, one Johnston owed plaintiff $92.85 for labor performed within 40 days of said date. That on March 3, 1890, defendants sued Johnston for $1,609.85, and upon a writ of attachment in said suit, the sheriff of the county levied upon all the goods and chattels of Johnston. On March 5, 1890, defendants herein, plaintiffs therein, took a bill of sale of all Johnston's said property to secure their said claim of $1,609.85, for which amount they had commenced said action. At the time of receiving said bill of sale the defendants herein dismissed the suit against Johnston. That the goods so assigned were of the value of $2,220. On March 8, 1890, plaintiff served upon Johnston and defendants an affidavit, setting forth the fact and the nature of the indebtedness of Johnston to plaintiff. That at all the times mentioned Johnston was insolvent and unable to pay his debts. That Johnston or defendants have not paid plaintiff any of said sum. Plaintiff demands judgment for $92.85, interest and costs, and for such other and further relief as to the court may seem just and equitable.

A demurrer was filed on the ground that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled. No further appearance was made by the defendants, and judgment was entered for plaintiff on his application. It appears from the judgment that it was adjudged and decreed as follows: That plaintiff's claim of $92.85 be paid by the defendants out of the chattels, etc., obtained by defendants from Johnston, with interest since April 1, 1890, and it appearing that there is sufficient property therefor, it is adjudged that plaintiff have judgment for his claim, etc., against defendants.

*Cowan & Parker*, for Appellants.

*W. L. Hay*, and *Thomas Joyes*, for Respondent.

DE WITT, J.— We readily arrive at a conclusion in this case by comparing the allegations of the complaint with the provisions of the statute. Plaintiff was a laborer, having performed a service of less than $200 in value, within 60 days immediately previous to the transfer of property by Johnston to defendants. Johnston was insolvent and unable to pay his debts. It was for this reason, as we believe it appears from the complaint, that he transferred his property to the defendants. He was indebted; he did not pay; he could not pay. His property was attached for debt; and when this occurred, he made the transfer to the defendants. No other reason for the transfer appears, and we are of opinion that the common understanding of language, as used in this complaint, makes it certain that Johnston transferred his property by reason of his inability to pay his debts. So far, the complaint seems to state a cause of action under the statute. But defendants object that the transfer was not to the defendants as trustees, or for the benefit of creditors, but was in payment of a debt due from Johnston to defendants. Surely the defendants were assignees of Johnston, and equally certain is it that the assignment was made for their benefit as creditors. To say that the wage-workers law should not operate, because the assignment is made to a creditor directly, and for his sole benefit, instead of being made to a third disinterested person, and for the benefit of more than one creditor, would be to fritter away the law in unsubstantial verbal criticism.

We are of opinion that the demurrer was properly overruled. No further appearance being made by defendants, the form and substance of the judgment was such as should have been entered under the statute, and the facts before the court. The judgment is affirmed.

BLAKE, C. J., and HARWOOD, J., concur.