KNATZ, RESPONDENT, *v.* WISE, APPELLANT.

[Submitted September 16, 1895. Decided September 23, 1895.]

WAGE WORKER'S LAW—*Assignment for benefit of creditors.*—Where there is no evidence in the record and the findings of the court bring the plaintiff within the operation of section 2050, *et seq.*, Fifth Division of the Compiled Statutes, known as the "Wage Worker's Law," a judgment for plaintiff against an assignee for the benefit of creditors will be affirmed on the authority of *Flanders* v. *Murphy*, 10 Mont. 398 and *Marshall* v. *Livingston National Bank*, 11 Mont. 351. ·

JUDGMENTS—*Parties.*—Where several parties are sued as assignees for the benefit of creditors and a partnership is alleged to exist between them, and it appeared from the findings that the assignment was not to the firm but to one of the partners individually, a judgment may be properly entered against the individual partner and the action dismissed as to the others, under sections 239 and 240, First Division of the Compiled Statutes, allowing judgment against one or more of several defendants. (*Comanche Mining Company* v. *Rumley*, 1 Mont. 201; *Wells* v. *Clarkson*, 5 Mont. 336, cited.)

INTEREST—*Settlement of account.*—An acknowledgment by an assignee for the benefit of creditors, of the correctness of a claim for wages against his assignor, upon receipt of the notice of such claim, constitutes a settlement of the account so as to entitle the wage worker to interest under a statutory provision allowing interest on money due on the settlement of accounts, from the day of such settlement.

*Appeal from Third Judicial District, Granite County.*

ACTION against assignee for benefit of creditors on wage workers claim. Judgment was rendered for the plaintiff below by BRANTLEY, J. Affirmed.

Statement of the case by the justice delivering the opinion.

This appeal stands upon the judgment roll, and the documents in the roll which are pertinent to this decision are the complaint, answer, findings, and judgment.

The complaint sets up that the defendants Meyer Wise, Charles Wise, Edward I. Goodkind, and A. L. Goodkind were copartners. It furthermore states that the plaintiff was working for wages for one Slick, in the town of Philipsburg; that prior to April 27, 1893, he had performed 53½ days' service for said Slick, at $3 per day; that on said April 27th Slick was insolvent, and unable to pay his debts; that the firm of Wise & Goodkind were his creditors to the amount of $600; that on said day he assigned and transferred all of his property, valued at $1,500, to said Wise & Goodkind; that he notified defendants of the amount and nature of said indebtedness of Slick, and that defendants accepted such notice, and acknowledged the correctness of the claim; that said amount has not been paid.

As another cause of action he sets up that one Majers was also a wage worker for said Slick, and in a position similar to that of the plaintiff, and that said Majers assigned his account to him (the plaintiff.)

No demurrer was interposed to this complaint. The case was heard to the court without a jury, and the court found all of the facts in favor of the plaintiff, and all the facts which brought the plaintiff within the beneficiary provisions of sections 2050 *et seq.*, div. 5, Gen. Laws, known as the "Wage Workers' Law." The court found that the transfer made by Slick was an assignment for the benefit of his creditors. The finding, however, is that the assignment was made to Edward I. Goodkind, one of the defendants. Judgment was entered in favor of the plaintiff against Edward I. Goodkind, and the action dismissed as to the other defendants. As noted above, the appeal is from the judgment, and the record before us is the judgment roll only.

*F. N. & S. H. McIntire,* for Appellant.

*H. R. Whitehill,* for Respondent.

DE WITT, J.—The defendant, in his brief, contends that the facts in this case distinguish it from the cases of *Flanders* v. *Murphy*, 10 Mont. 398, 25 Pac. 1052, and *Marshall* v. *Bank*, 11 Mont. 351, 28 Pac. 312. But there is no evidence in the record, and we have no means of distinguishing the facts herein from those in the cases cited. The findings clearly bring this case within the two cases cited, and the judgment on the general proposition must be affirmed, on the authority of those decisions.

The only other question left is as follows: Appellant contends that the plaintiff sued the defendants as a copartnership, and that the court was not justified by the pleadings in entering judgment against Edward I. Goodkind alone, and dismissing as to the others. It is to be observed at the outset that while it is alleged that the defendants are partners, and that the assignment was made to the partnership, yet this action is not one upon a partnership debt or account; that is to say, this action has not to do with partnership affairs. It is true that it is alleged that the assignment was made to the partners, but the facts showed, as found by the court, that Goodkind alone was the assignee. Under our statute, we are of the opinion that, as the facts were found, judgment was properly entered against Goodkind, for the account of Knatz, out of the proceeds of the assignment. Sections 239 and 240 of the Code of Civil Procedure are as follows:

"Sec. 239. Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants, and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves.

"Sec. 240. In an action against several defendants the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment is proper."

There was no demurrer to the complaint on account of misjoinder of parties. This question was passed upon in the case of *Conklin* v. *Fox*, 3 Mont. 208, in which the court says:

"Under the Code of Civil Procedure of this territory, 'judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants.' Section 231: 'In an action against several defendants the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment is proper.' (Code Civ. Proc. § 232.) We are satisfied that we may treat as immaterial the allegations of the complaint concerning the copartnership, and that a cause of action is stated against the defendants. 'The proof showed that too many persons had been joined as defendants, but this fact does not appear upon the face of the complaint, and the answer of the appellant did not plead it. The appellant thereby waived his objection to the misjoinder of the parties defendant. 'If no such objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same.' (Code Civ. Proc. § 86; *Parchen* v. *Peck*, 2 Mont. 567.) The action of the court in entering the judgment is sustained by the following authorities: Pom. Rem. §§ 289, 290; *Rowe* v. *Chandler*, 1 Cal. 168; *Rutenberg* v. *Main*, 47 Cal. 213; *Claflin* v. *Butterly*, 5 Duer 327. In *McIntosh* v. *Ensign*, 28 N. Y. 169, Mr. Justice Wright says: 'A plaintiff is not now to be nonsuited because he has brought too many parties into court. If he could recover against any of the defendants upon the facts proved, had he sued them alone, the recovery against them is proper, although he may have joined others with them in the action against whom no liability is shown.' The sections of the Code of Civil Procedure, *supra*, embody the principle which is maintained by these authorities. The allegations of the pleadings have been liberally construed, and substantial justice has been done between the parties. (Code Civ. Proc. § 98.)"

See, also, *Mining Co.* v. *Rumley*, 1 Mont. 201; *Wells* v. *Clarkson*, 5 Mont. 336; *Rowe* v. *Chandler*, 1 Cal. 168; See, also, *Lewis* v. *Clarkin*, 18 Cal. 389, where it is held that the common-law rule that, in a suit against several joint debtors, plaintiff must recover against all or none, is changed by the

statute which we have above quoted. See, also, *Tay* v. *Hawley*, 39 Cal. 93.

It is also contended that the judgment is erroneous in that the court allowed interest upon the account. Our statute provides that interest may be allowed ''on money lent or money due on the settlement of accounts, from the day of such settlement of accounts, between the parties, and ascertaining the balance due.'' It appears from the complaint that on the 27th day of April, when the plaintiff, as a wage worker, demanded his money from the assignee, the defendant accepted the notice, and acknowledged the correctness of plaintiff's claim. We think this, under the statute above quoted, was a settlement of the account and the ascertaining of the balance due, and think, therefore, interest was properly allowed.

The judgment of the district court is affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.

[Submitted September 16, 1895. Decided September 23, 1895.]