LOGAN, RESPONDENT, *v.* BILLINGS & NORTHERN R. CO. ET AL., DEFENDANTS; A. GUTHRIE & CO., APPELLANT.

(No. 2,764.)

(Submitted February 9, 1910.  Decided February 21, 1910.)

[107 Pac. 415.]

*Logs and Logging—Liens—Foreclosure—Waiver of Lien—Action on Contract—Judgments—Variance—Actions—Form.*

Actions—Form Immaterial.
  1.   Under the Codes, it does not matter in what form an action is brought or that the complaint contains allegations not appropriate to the purpose sought to be attained; but if upon any view of the pleading the plaintiff is entitled to recover, relief may not be denied him.

Logs and Logging—Liens—Waiver—Action on Contract—Judgment.
  2.   Where plaintiff's complaint in an action to foreclose a logger's lien, under section 5829, Revised Codes, alleged all the facts necessary to recover for his services performed in sawing the lumber under an express contract, he was properly.allowed to waive his lien and proceed against the defendant for a personal judgment for the amount claimed to be due under the contract.

Same—Action Against Several Defendants—Judgment Against One.
  3.   Though plaintiff had in his complaint alleged a common liability of all of defendants joined in the action, whereas the evidence disclosed

a contract with only one of them, he was nevertheless, under sections 6711 and 6712, Revised Codes, entitled to judgment against him who was shown to be liable; and the court properly refused to direct a verdict for all of defendants, asked for on the ground of variance amounting to a failure of proof.

*Appeal from District Court, Fergus County; E. K. Cheadle, Judge.*

ACTION by A. C. Logan against the Billings and Northern Railroad Company and others. From a judgment for plaintiff against defendant A. Guthrie & Co. alone, it appeals. Affirmed.

*Messrs. Veazey & Veazey* and *Mr. E. L. Bishop* submitted a brief in behalf of Appellant.

The contract alleged in the first cause of action and sought to be recovered upon was a joint contract of plaintiff with all three of the defendants. The contract disclosed by the evidence and recovered upon was a separate contract of plaintiff with one of the defendants only. This variance amounted to a failure of proof. (*Newell* v. *Nicholson,* 17 Mont. 393, 43 Pac. 180; *Thompson* v. *Fenn,* 100 Ga. 234, 28 S. E. 40; *Hudson* v. *Emmons,* 107 Mich. 549, 65 N. W. 543; *Gamble* v. *Kellum,* 97 Ala. 677, 12 South. 83; *Miller* v. *Bank,* 34 Miss. 415; *Rohr* v. *Davis,* 9 Leigh (Va.), 30.)

*Messrs. Blackford & Blackford* submitted a brief in behalf of Respondent. *Mr. W. M. Blackford* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The complaint herein alleges two causes of action—the first, to foreclose a lien upon certain lumber, alleged to belong to the defendants, for the sum of $1,123, claimed to be due plaintiff for the sawing of said lumber under a contract with defendants; the second, to recover the sum of $168, the value of lumber sold to defendants. The answer denies generally all the allegations contained in both causes of action, and then pleads certain af-

firmative matters in avoidance, upon which there is issue by reply. At the opening of the trial, the defendants objected to the introduction of any evidence in support of the first cause of action, on the ground that it does not state facts sufficient to warrant the relief demanded. Counsel for plaintiff having stated that they would abandon plaintiff's claim of lien and proceed against the defendants for a personal judgment for the amount claimed to be due under the contract, the objection was overruled. The evidence disclosed that the contract for sawing the lumber in question had been made by the plaintiff with the defendants A. Guthrie & Co., and not with all the defendants as alleged in the first cause of action. There was not sufficient evidence tending to show a sale of the lumber to any of the defendants to warrant submission to the jury of any of the issues in connection with the second cause of action. The court, therefore, upon request of defendants for directed verdict as to all of them, instructed the jury to find for the defendants other than A. Guthrie & Co. upon the first cause of action, and as to all of the defendants upon the second, but left it to the jury to ascertain what, if any, sum was due plaintiff under the contract with A. Guthrie & Co. The jury returned a verdict for the whole amount claimed, and judgment was entered for this amount, with interest from the date of the completion of the contract. The defendants A. Guthrie & Co. have appealed from the judgment. Two questions are submitted for decision: (1) In an action brought to foreclose a lien under section 5829 of the Revised Codes may the plaintiff have personal judgment against the defendant for the amount shown to be due, though he fails to establish his lien? (2) Though his complaint alleges a common or joint liability of several defendants, may he have judgment against any number less than all of them against whom a liability is shown?

1. Notwithstanding the waiver by plaintiff of his right to a lien, the complaint alleges all the facts necessary to recover for services performed in sawing the lumber under an express contract. We are therefore of the opinion that the court properly

overruled the objection of defendants, and treated the case as an action upon the contract. In *Raymond* v. *Blancgrass*, 36 Mont. 449, 93 Pac. 648, 15 L. R. A., n. s., 976, it is said: "The form in which an action is brought is of no consequence; nor does it matter that the complaint contains allegations not appropriate to the purpose sought to be attained. In determining the issue of law presented by a general demurrer to the complaint, or by any other appropriate method of raising the question—as here, by an objection to the admission of evidence at the trial, on the ground that the facts stated do not warrant any relief—matters of form will be disregarded, as well as allegations that are irrelevant or redundant; and if, upon any view, the plaintiff is entitled to relief, the pleading will be sustained." In the case of *Donovan* v. *McDevitt*, 36 Mont. 61, 92 Pac. 49, there is a discussion of the reason of the rule, with a citation of the decided cases. It is put upon the ground that while the courts of this state recognize the principles applicable to the different actions, particular forms of which are required in common-law jurisdictions, they do not recognize these distinct forms, since the statute has abolished them. (Code Civ. Proc. 1895, sec. 460 [Revised Codes, sec. 6425].) The rule as stated in the foregoing cases was recognized and applied in the following: *Goodrich Lumber Co.* v. *Davie*, 13 Mont. 76, 32 Pac. 282; *Aldritt* v. *Panton*, 17 Mont. 187, 42 Pac. 767; *Western Plumbing Co.* v. *Fried*, 33 Mont. 7, 114 Am. St. Rep. 799, 81 Pac. 394; *Glass* v. *Basin & Bay State Min. Co.*, 31 Mont. 21, 77 Pac. 302. Section 5829, *supra*, declares that such liens shall be enforced by a civil action in the district court of the county wherein the lien was filed, and be governed by the laws regulating the proceedings in civil actions touching the mode and manner of trial, etc. We find no provision in the chapter of which this section is a part indicating a purpose on the part of the legislature to impose a limitation upon the power of the court to grant any relief warranted by the facts stated in the complaint, though the plaintiff may waive his lien or fail to establish it by his evidence.

2. It is argued by counsel for the defendants that since the complaint alleges a joint contract with all of the defendants, and the evidence discloses a separate contract with A. Guthrie & Co. only, there is such a variance between the evidence and the cause of action alleged, that it amounts to a failure of proof, within the meaning of section 6587, Revised Codes, and hence that the court erred in refusing to direct a verdict for all of the defendants, as requested at the close of the evidence. The Revised Codes provide: "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side, as between themselves." (Section 6711.) "In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper." (Section 6712.) The rule invoked by the defendants was the rule at common law; but early in its history the supreme court of the territory of Montana held that this rule was inapplicable under statutory provisions similar to those quoted above. (Rev. Stats. 1879, secs. 231, 232.) The case of *Conklin* v. *Fox,* 3 Mont. 208, was in form an action against a copartnership. The court held that judgment was proper against one of the defendants who was shown to be liable, notwithstanding it appeared that others had been made defendants who were not liable. It quotes with approval from *McIntosh* v. *Ensign,* 28 N. Y. 169, as follows: "A plaintiff is not now to be nonsuited because he has brought too many parties into court. If he could recover against any of the defendants upon the facts proved, had he sued them alone, the recovery against them is proper, although he may have joined others with them in the action against whom no liability is shown." So this court in *Knatz* v. *Wise,* 16 Mont. 555, 41 Pac. 710, held that under the provisions, *supra,* judgment against one of two defendants was proper, though the evidence showed that the other was not liable. This is the rule wherever the pro-

visions of the statute quoted above have been adopted. (Pomeroy's Rights and Remedies, sec. 290.)

The judgment is affirmed.

*Affirmed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.