DE ATLEY, APPELLANT, *v.* NORTHERN PACIFIC RAILWAY CO., RESPONDENT.

(No. 2,894.)

(Submitted November 16, 1910. Decided November 22, 1910.)

[112 Pac. 76.]

*Railroads—Injuries at Crossings—Warning Signals—Excessive Speed—"Concurrent" Negligence—Variance—Complaint— Sufficiency.*

Railroads—Injuries at Crossings—"Concurrent" Negligence—Complaint.
    1.   The allegations of the complaint in an action to recover damages from a railway company for injuries said to have been caused by the

running away of plaintiff's team while crossing its track, said runaway being due to defendant's negligence in failing to give proper signals of the approach of its train, running it at an excessive rate of speed, etc., *held,* not to charge the several acts of negligence as "concurrent," *i. e.,* so far interdependent that proof of all was essential to make out a case.

Same—Warning Signals—Immaterial Variance.
2.   Proof of a violation of the statutory requirement (Revised Codes, sec. 4289) which made it incumbent upon defendant railway company to cause proper warning signals of the approach of its train to be given within a distance of from fifty to eighty rods from the crossing where the injury to plaintiff occurred, was of itself sufficient to make out a *prima facie* case of negligence; so that a variance between an averment that defendant was negligent in failing to give *any* warning, and evidence which tended to show that, while warning was given, it was not until the train was within about one hundred feet from the crossing, was immaterial.

Same—Excessive Speed of Trains—Jury Question.
3.   *Held,* that the question whether the speed of twenty-five miles per hour maintained by defendant's train within city limits, over a crossing the view of which was obstructed to plaintiff by a string of cars standing near by, and without giving any warning signals of its approach until within about one hundred feet of the crossing, was excessive, was one for the determination of the jury, under the circumstances, and not one of law.

Same—Complaint—Sufficiency.
4.   Complaint, though indefinite in some of its allegations respecting the causal connection between some of the acts of negligence charged and plaintiff's injury, *held* sufficient to state a cause of action in the absence of a special demurrer or motion to make more specific.

*Appeal from District Court, Park County; Frank Henry, Judge.*

ACTION by W. H. De Atley against the Northern Pacific Railway Company.   From an order denying his motion for a new trial, plaintiff appeals.   Reversed and remanded.

For Respondent there was a brief by *Mr. Wm. Wallace, Jr., John G. Brown,* and *Mr. R. F. Gaines,* and oral argument by *Mr. Gaines.*

There is no evidence showing a continuous or unnecessary storing of cars on track No. 1, but the contrary rather appears; nor is there any showing of negligence in any respect in connection with these cars.   The evidence shows that the cars were not there the morning of the accident, nor the morning after the accident, and that this track was not used to store cars upon, but for the movement of trains and switching of cars.

In the case of *Chicago etc. Ry. Co.* v. *Pearson,* 184 Ill. 386, 56 N. E. 633, one of the grounds of negligence charged was the storing of cars near a street crossing so that the view of the tracks was obstructed. The court said: "There were cars upon the sidetracks, but they were not shown to be unnecessarily or improperly there, and that is the legitimate and proper purpose of a sidetrack. There must be something further than a mere storing of cars on sidetracks to constitute negligence on the part of the railroad." (See, also, Thompson on Negligence, sec. 1507.)

Appellant's complaint alleges that the respondent company was negligent in sounding the whistle of the engine unusually loud. Defendant has not shown any fault in this particular. The engineer saw four harnessed horses approaching on this crossing; he had no means whatever of knowing that a stop would be made; he had but one way of warning the driver of the horses, and that was to sound the engine whistle. (*Pepper* v. *Southern Pac. Co.,* 105 Cal. 389, 38 Pac. 974; *Schaefert* v. *Railway Co.,* 62 Iowa, 624, 17 N. W. 893.) There is no presumption indulged that the blowing of a whistle upon a locomotive is a negligent act, and a plaintiff must establish facts from which such a conclusion may be legitimately drawn. (*Farley* v. *Harris,* 186 Pa. 440, 40 Atl. 798.)

If it was sought to rely upon section 4289 of the Codes for a recovery here, the complaint gives not the slightest indication of that fact; the charge is that the company "omitted to give *any* warning of *any* kind."

Section 4289 imposes a particular obligation that did not exist at the common law, to-wit, to sound the locomotive whistle or ring the bell on approaching a crossing, and if they intended to ground a cause of action upon it, they should have plead the substance or effect of that section. (*Kelly* v. *Railway Co.,* 35 Mont. 243, 88 Pac. 1009; *Miley* v. *Railway Co.,* 41 Mont. 51, 108 Pac. 5.) Not having done this, no recovery can be had for the violation, if any, of the provisions of this section.

*Messrs. Miller & O'Connor,* in behalf of Appellant, submitted a brief, and *Mr. J. F. O'Connor* argued the cause orally.

Appellant made out a *prima facie* case of negligence on the part of the respondent, in leaving cars in such a position, near a crossing constantly used by the public and within the corporate limits of a city, subject to explanation by the respondent. The respondent failed to give any reason why the cars were left there. (*Receivers of Huston Ry. Co.* v. *Stewart* (Tex.), 17 S. W. 33; see, also, *Bussian* v. *Milwaukee etc. R. Co.,* 56 Wis. 325, 14 N. W. 455; *Golinvaux* v. *Burlington etc. R. Co.,* 125 Iowa, 652, 101 N. W. 466; 2 Thompson on Negligence, sec. 1507.)

In determining whether or not it was negligence to run defendant's train at the speed at which it is alleged to have been run, the circumstances surrounding the crossing must be taken into consideration; that is to say, the frequency of the travel over the crossing, it being within the corporate limits of the city. Under the circumstances in this case, the rate of speed of twenty-five miles per hour is at least evidence of negligence on the part of the company, which would present a .question of fact for a jury. (See *International etc. Ry. Co.* v. *Starling,* 16 Tex. Civ. App. 365, 41 S. W. 181; *Chicago B. & Q. Ry. Co.* v. *Grablin,* 38 Neb. 90, 56 N. W. 796; *Guggenheim* v. *Lake Shore,* 66 Mich. 150, 33 N. W. 161; *Bilton* v. *Southern Pacific Ry. Co.,* 148 Cal. 443, 83 Pac. 440.)

The evidence clearly tends to prove the charge that the locomotive whistle was sounded unusually loud and that the train was negligently run past the appellant. That the sounding of the whistle right at the horses' heads was an act of negligence on the part of the operatives of the train, see Thompson on Negligence, sec. 1925; *Pratt* v. *Chicago, R. I. Ry. Co.,* 107 Iowa, 287, 77 N. W. 1064.

Appellant made a vigilant use of all his senses to ascertain the approach of a train. He looked, listened and approached the crossing slowly. True, he did not stop to listen, but if, as he says, there were no noises to interfere with his hearing, it would have been idle for him to have stopped. There are no facts in

this case that would justify the application of the extreme hard-and-fast rule, stop, look and listen as you approach a railway crossing. The question of whether or not he should have stopped, in addition to what he did do, is purely a question for the jury. (*Case* v. *Chicago Great Western Ry. Co.* (Iowa), 126 N. W. 1037; *Hunter* v. *Mont. Cent. Ry. Co.*, 22 Mont. 525, 57 Pac. 140; Thompson on Negligence, sec. 1645.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Near the easterly yard limits in the city of Livingston, during the month of July, 1908, the defendant railway company maintained four tracks, which for the purposes of this appeal will be designated the "Main," "No. 1," "Old," and "Stock Yards" tracks. The "Main" track over which passenger trains were operated was the most southerly one. Some sixty-six feet north of this track was "No. 1" track. North of "No. 1" track was the "Old" track; and north of this the "Stock Yards" track. These four tracks crossed the public road within the city limits. On or about July 9, 1908, the plaintiff was hauling grain from his home north of Livingston, to the elevator in that city, using a four-house team in his work, and it was necessary for him to cross the four tracks mentioned at the public road crossing referred to above. When plaintiff's team had crossed track "No. 1," a passenger train moved rapidly from the west on the "Main" track, passed plaintiff's team, which became frightened and unmanageable, upset the wagon on which plaintiff was riding, with the result that plaintiff was crippled, his wagon damaged and one of his horses injured. At the conclusion of the testimony upon the trial of the case, the court granted defendant's motion for a directed verdict, and under instruction a verdict was returned in favor of the defendant and a judgment rendered and entered in accordance therewith. From an order denying his motion for a new trial the plaintiff appealed.

The complaint charges that the railway company was negligent in the following particulars: (1) In placing a number of box-cars on track "No. 1" immediately west of the crossing,

which cars obstructed the plaintiff's view of the "Main" track to the west; (2) in failing to give any warning signal as its passenger train approached the crossing; (3) in running its train at an excessively high rate of speed; and (4) in sounding the whistle of the locomotive drawing the passenger train unusually loud as the train passed plaintiff's team. All these allegations of negligence were denied in the answer, and the defendant pleads affirmatively the defense of contributory negligence. The motion for a directed verdict specifies as the grounds thereof, that plaintiff failed to prove all the concurring acts of negligence charged; that he failed to prove any act of negligence alleged, and that the evidence shows contributory negligence on plaintiff's part. The order sustaining the motion is general. In this court counsel for respondent railway company have not urged the defense of contributory negligence, but have insisted that the trial court's order is fully justified upon the other grounds of the motion.

1. It is insisted that the several acts of negligence are charged as concurrent, in the sense that proof of all of them is necessary to make out the plaintiff's case, but with this we do not agree. In attempting to show the causal connection between the acts of negligence charged and the injury to plaintiff, the complaint might have been much more specific, and we are not prepared to say at this time that proof of *any one* of the acts of negligence charged would warrant a recovery in plaintiff's favor; but we think that the allegations with respect to one or two of the negligent acts might have been omitted and the complaint still state a cause of action; in other words, that the several acts of negligence are not charged to be so far interdependent that proof of all is essential to make out a case. For instance: It cannot be said that the complaint makes the allegation with respect to the act of leaving the box-cars on "No. 1" track essential to a complete statement of the cause which led directly to plaintiff's injury. The case of *Forsell* v. *Pittsburgh & Mont. Copper Co.*, 38 Mont. 403, 100 Pac. 218, presents one of the best examples to be found in the books of a complaint which charges concurrent acts of negligence, using the term "concurrent" in the

sense of acts so far mutually dependent that in the absence of any one the accident would not have occurred. The word "concurrent" is not an apt one to use in this connection, but the courts have adopted it for want of a better term. In *Frederick* v. *Hale, ante,* p. 153, 112 Pac. 70, we reviewed this question at length, and distinguished cases of the class to which the *Forsell Case* belongs from cases in which several acts of negligence are charged, but in which a combination of all the acts is not made essential to produce the injury. Our conclusion is that under the allegations of this complaint it was not necessary for plaintiff to prove all the acts of negligence as charged in order to make out his case.

2. It is urged that plaintiff did not prove any act of negligence alleged. One act of negligence charged was the failure of defendant's employees who operated the passenger train to give any warning signal as the train approached the crossing over which plaintiff was about to pass. Section 4289, Revised Codes, provides: "If any railroad corporation within this state * * * shall permit any locomotive to approach any highway, road or railroad crossing, without causing the whistle to be sounded, at a point between fifty and eighty rods from the crossing, and the bell to be rung from said point until the crossing is reached, * * * [it] shall be deemed guilty of a misdemeanor," etc. The evidence in this case tends to show that the passenger train approached the crossing in question without giving any warning signal whatever until it was approximately one hundred feet from the crossing, when the whistle was sounded. There is in fact a slight variance between the allegation of the complaint and the proof, but it can hardly be said to be material. The evidence tends to show a violation by the defendant company of the provision of the statute referred to above, and this of itself makes out a *prima facie* case of negligence. (*Hunter* v. *Montana Central Ry. Co.,* 22 Mont. 525, 57 Pac. 140; *Sprague* v. *Northern Pacific Ry. Co.,* 40 Mont. 481, 107 Pac. 412.)

3. The evidence tended to show that the passenger train was proceeding at the rate of twenty-five miles per hour. We are

not prepared to say that, standing alone, this evidence is sufficient to establish negligence as a matter of law, but when considered in connection with the evidence tending to show that the crossing was within the city limits; that plaintiff's view was obstructed by the cars standing on "No. 1" track; and that there was not any warning given of the approach of the train until it was within one hundred feet of the crossing, it became a question for the determination of the jury whether under the circumstances the rate of speed was excessive. (*International & G. N. R. Co.* v. *Starling*, 16 Tex. Civ. App. 365, 41 S. W. 181; 3 Elliott on Railroads, sec. 1160; 2 Thompson on Negligence, sec. 1873 *et seq.*)

4. It cannot be said that the evidence in this case establishes contributory negligence on the part of plaintiff as a matter of law. In fact, counsel for respondent do not urge that ground of their motion in this court.

5. We think the complaint states a cause of action. Some of the allegations are so indefinite that it is difficult, if not impossible, to see the causal connection between some of the acts of negligence and the injury. But in the absence of a special demurrer or motion to make more specific, we think the complaint is sufficient under the rule repeatedly announced by this court. (*Logan* v. *Billings & Northern R. Co.*, 40 Mont. 467, 107 Pac. 415, and cases cited.)

Our conclusion is that the case should have gone to the jury for a determination of the merits. The order denying plaintiff's motion for a new trial is reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Mr. Justice Smith concur.