McCAY, Respondent, v. BUTLER, Appellant.

(No. 8,197.)

(Submitted June 10, 1941.   Decided June 23, 1941.)

[114 Pac. (2d) 517.]

*Messrs. Lewis & Stotesbury,* for Appellant, submitted a brief;
*Mr. J. M. Stotesbury* argued the cause orally.

*Mr. Roy M. Keister* and *Mr. George Y. Patten,* for Respondent, submitted a brief; *Mr. Patten* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal from a judgment for the plaintiff in an action brought to recover the purchase price of certain goods alleged to have been sold to two defendants, F. O. Butler and Julius Butler. The complaint alleges that the "plaintiff sold and delivered to the defendants, at defendants' special instance and request, goods, wares and merchandise of the reasonable value of $3,376.50," and that, "although often requested, the defendants have not paid said sum."

The plaintiff's evidence discloses that the two defendants are father and son; that the son, Julius Butler, incurred certain indebtedness to the plaintiff in connection with ranching operations in the vicinity of Bozeman; that the plaintiff, being apprehensive of whether or not he would be paid, sought payment from the father, F. O. Butler, and made a trip to Chicago to interview him; that during the interview the plaintiff told F. O. Butler that he would extend no more credit to Julius and wanted payment of the past due account; that F. O. Butler paid the account and made the following statement to the plaintiff: "You let him [Julius] have what he wants for the ranches, and I will pay the bill." This conversation was testified to by plaintiff, Mr. Keister, and Julius Butler. Defendant F. O. Butler denied making the statement.

The verdict was for the plaintiff in the full amount demanded and judgment was entered against F. O. Butler alone. A default was entered as to Julius Butler. F. O. Butler is the sole appellant.

Appellant assigns several specifications of error, and contends that they raise principally one question summarized by him as follows: "Can plaintiff sue two defendants jointly for goods, wares and merchandise delivered to them, admit that separate credit had been extended to one, enter his default at the close

of the trial, and recover on the theory of original promise against one defendant?''

Before taking up this main question, we shall discuss appellant's specification number four, involving Instruction No. 11, and thereby eliminate one feature of the main question—that of the separate credit being extended to one. Instruction No. 11 is as follows:

''You are instructed that the issues to be determined in arriving at your verdict in this case are:

''First: Did the defendant F. O. Butler, under all the facts and circumstances disclosed in the evidence personally and unconditionally agree to pay for the goods, wares, and merchandise delivered to Julius W. Butler?

''Second: If so, did the plaintiff in the case extend sole credit to F. O. Butler for the goods so delivered to Julius Butler?

''Third: If you answer both questions in the affirmative, then your verdict should be for the plaintiff; and if you answer either or both of the questions in the negative, then your verdict should be for the defendant.''

Appellant contends that under the plaintiff's evidence the jury should have found the second proposition in the negative and, consequently, that the verdict is against the evidence. The evidence of the extension of credit to Julius Butler was plaintiff's exhibit No. 10, which was a statement of seed sold to Julius Butler. However, the plaintiff testified in that connection that this was a separate contract and has been paid in full and is no part of the account here sued upon. While this might be a factor in determining whether it was the intention of the parties that sole credit was given to F. O. Butler, yet this has been concluded by the jury to be a transaction separate from those sued upon. There is substantial evidence supporting a finding that plaintiff extended sole credit on the goods in question here to appellant, F. O. Butler.

We now pass to the question of whether a suit in assumpsit may be brought against two joint defendants and recovery allowed against one defendant on his ''original promise.'' The

claimed effect here was prejudice to appellant in that he was not apprised by the pleadings that the plaintiff was to rely upon an "original promise" and could not prepare his defense accordingly. The complaint here made no suggestion of any liability of appellant as a guarantor. Fairly construed, it apprised him that plaintiff was relying upon his original promise to pay. This is clear from the allegation that plaintiff sold the goods to defendants, of whom appellant was one.

The main question here presented has been heretofore passed ▮ upon by this court. In the case of *Logan* v. *Billings & Northern R. Co.*, 40 Mont. 467, 107 Pac. 415, 416, the contention was made that "since the complaint alleges a joint contract with all of the defendants, and the evidence discloses a separate contract with A. Guthrie & Co. only, there is such a variance between the evidence and the cause of action alleged, that it amounts to a failure of proof." The court approved the rule laid down in *Conklin* v. *Fox*, 3 Mont. 208, and said: "The court held that judgment was proper against one of the defendants who was shown to be liable, notwithstanding * * * that others had been made defendants who were not liable." A similar holding is made in *Chealey* v. *Purdy*, 54 Mont. 489, 171 Pac. 926, 928, wherein the court said: "But the fact that a complaint in an action on a contract alleges a joint contract with several defendants and the evidence discloses a separate contract with some of them is not a variance amounting to a failure of proof." Those cases are controlling here and compel a holding contrary to the contention made by the appellant.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.