WYKOFF, respondent, *v.* LOEBER, appellant.

FORMATION OF JURY — *Filling panel.*— Upon the preliminary examination of the jurors in this case it appeared that several of them were residents of Silver Bow county, that county having been created out of Deer Lodge county after the jurors had been drawn and summoned

for the pending term of the district court for the latter county. *Held,* that the panel should be filled as required by the act of the twelfth session, page 58.

WAIVER OF DEFECTIVE FORMATION OF JURY.— Any defect in the formation of the jury is cured, if the parties subsequently waive the jury and consent to a trial by the court.

DAMAGES AGAINST THE APPELLANT WILL BE AWARDED, under the twenty-third rule of the supreme court, if it satisfactorily appears, from the record, that the appeal was taken for delay.

*Appeal from Second District, Deer Lodge County.*

THOMAS L. NAPTON, for appellant.

J. C. ROBINSON, for respondent.

WADE, C. J. When this action was called for trial it was found, upon the preliminary examination of the jurors as to their qualifications to serve as such in the case, that several of them were residents of Silver Bow county, that county having been created and formed out of Deer Lodge county after the jurors had been drawn and summoned for the then pending term of the district court for the county of Deer Lodge. Thereupon the court ordered that the panel of jurors be filled under, and by virtue of, a provision of the statute, which provides that if, for any reason, the panel of trial jurors shall not be full at the opening of the court, or at any time during the term, the clerk shall, under the direction of the court, draw from the box furnished by the county commissioners, as provided by law, so many additional names as the court shall direct, to fill such panel, who shall be summoned in the same manner as the others, and, if necessary, jurors may continue to be drawn and summoned, from time to time, until the panel shall be filled. Laws Twelfth Session, 58. Thereupon the defendant challenged the entire jury, upon the ground that he had the right to have a full panel drawn, as provided by law, from Deer Lodge county, and had the right to elect from the old panel.

The objection was properly overruled. The defendant was provided with a jury in the manner required by the law, and he had no cause to complain. It is wholly immaterial for what reason the panel becomes exhausted before the jury is full. Whenever that event occurs, the court is clothed with authority to provide a competent jury.

After the jury had been formed and pending the trial, the plaintiff asked and obtained leave to amend his complaint, and thereupon a jury was waived, and the cause was tried to the court by consent of the parties. This action of the parties would have cured any defect in the formation of the jury, if there had been any, and renders the bill of exceptions, as to the manner in which the jury was obtained, sham and frivolous. The defendant, however, demurred to the amended complaint filed by the plaintiff, for the reason that the same is ambiguous and uncertain, for that said amended complaint does not name the person who commenced the original action, and shows that it is not the same plaintiff. The original complaint is not contained in the record. The amended complaint was filed upon leave of court, and appears to be in proper form. There is nothing to show that there had been any change of plaintiffs; on the contrary, the amended complaint shows that the plaintiff in the amended complaint is the same person that filed the original complaint. There is nothing contained in the record to authorize or justify the demurrer, and it was, undoubtedly, interposed for the purpose of delay. This appeal seems to have been taken for the same purpose, and the case is clearly within the twenty-third rule of court, which provides that, in any case, if the court is satisfied, from the record, that the appeal was taken for delay, such damages shall be awarded as may, under the circumstances, be proper, and as shall tend to prevent the taking of appeals for delay. Sup. Ct. Rules, No. 23.

The judgment is affirmed, and it is ordered and ad-

judged that the plaintiff recover of the defendant the sum of $100 damages, hereby awarded under rule 23 of this court.

*Judgment affirmed.*