## O'DONNELL, APPELLANT, *v.* BENNETT ET AL., RESPONDENTS.

[Submitted April 30, 1892. Decided May 9, 1892.]

APPEAL.— *New trial — Conflict in testimony.* — Where there is a direct and substantial conflict in the testimony, and there is evidence to support the verdict, which was for a larger sum than was shown by defendants to be due plaintiff, and a smaller sum than claimed by plaintiff, an order denying plaintiff's motion for a new trial will not be disturbed on appeal.

PRACTICE— *Jurors — Special venire.* — Where a portion of the regular panel of jurors is engaged in deliberating upon a verdict, a party whose case is called during the absence of such jurymen, is not entitled to demand that the names of such absent jurors be placed in the box to draw from, before the issuance of a special venire, as under the Act of March 14, 1889 (16 Sess. p. 168), the court has power to issue a special venire, when, during the progress of any trial, it shall become necessary, for any cause, to summon additional jurors. (*Kennon* v. *Gilmer*, 4 Mont. 433; *Wykoff* v. *Loeber*, 5 Mont. 535; *Dupont* v. *McAdow*, 6 Mont. 227, distinguished.)

SAME— *New trial — Accident and surprise.* — When a witness testifies contrary to that which the party calling him expected, it is not such accident and surprise as will warrant the court in granting a new trial when such party was as fully prepared to attack the testimony of the witness on the former trial as he would be on a new trial.

*Appeal from Second Judicial District, Silver Bow County.*

Action to recover for cutting and hauling logs. The cause was tried before Pemberton, J. Plaintiff had judgment below. Affirmed.

Charles O'Donnell, pro se.

George Haldorn, and F. T. McBride, for Respondents.

De Witt, J.—This action is one by plaintiff against the defendants, seeking to recover for cutting and hauling logs. A question has arisen as to whether the action was upon a special contract or upon quantum meruit. Entertaining the view that we take of the case, a discussion of that matter does not seem to be required.

The plaintiff alleges that he cut and hauled for the defendants 469,000 feet of logs at the price of $4.75 per thousand, amounting in all to $2,227.75; that of this amount the defendants have paid him $1,341.61, leaving a balance due of $886.14. The defense set up in the answer is that plaintiff did not cut or haul any logs for defendants, either for an agreed price or otherwise. The defense made upon the trial was that whatever work the plaintiff did, this work was done for one Thomas Bocarde. The situation, as the defendants claim, was that Bocarde was running a sawmill; that he was indebted to the defendants in a considerable sum; that defendants had a chattel mortgage on Bocarde's sawmill plant to secure this sum; and that defendants, in order that Bocarde might operate his mill, and so make money to pay his debt to them, stood behind him to such extent as sureties, in this, that they guaranteed persons dealing with Bocarde, and that plaintiff had his contract with Bocarde for hauling and delivering logs, and that defendants' only relation to the transaction was to guarantee plaintiff's pay from Bocarde, and that they actually paid him on orders issued by Bocarde. The plaintiff's position, on the other hand, was that Bocarde was simply a foreman, or boss, or manager for the defendants. On these lines the case was tried. The jury gave a verdict for plaintiff for $50, and also that two notes of $70 each, with accrued interest, given by plaintiff to defendants (not connected with this transaction, however), should be delivered up and canceled. Thus, the verdict was for plaintiff for $50, and the

cancellation of these notes. The plaintiff moved for a new trial. He took the ground that, although the verdict was nominally in his favor to the extent of this $50, and the notes mentioned, yet that it should have been for a larger amount, and therefore, he was aggrieved in the verdict.

There was a large amount of testimony, which was brought here in a voluminous record, as to whether it was a fact that plaintiff was working for the defendants or working for Bocarde. The fact that a jury found for the plaintiff in any sum is evidence that, if the verdict were a logical one, by necessity the jury must have found that plaintiff was working for defendants. That finding — that is, being a finding implied by the general verdict — has not been attacked. Defendants did not move for a new trial, and plaintiff, of course, does not attack that finding, because it is the only view of the case upon which he could recover at all. It is not necessary to inquire what view the court would have taken if a motion for a new trial had been made on the ground that the verdict was not supported by the evidence in this respect. As the case is now before us, we have not that proposition for consideration, but will take it as a fact that plaintiff was working for these defendants.

The questions, then, for consideration are simple. The plaintiff testified, and supported his testimony by that of others, that he had cut and hauled 469,000 feet of logs, as set up in the complaint. On the other hand, E. E. Congdon, the agent and general manager for the defendants, testified that the amount cut and hauled by plaintiff was 246,112 feet. Congdon denied that this was done for the defendants, but we consider now only his testimony as to the amount. His testimony was supported by that of Bocarde. It is observed that 246,112 feet, at $4.75 per thousand, amount to $1,169.03. We again find in the testimony of Congdon that the defendants paid O'Donnell, on Bocarde's order, $1,060.73, and that, with other payments made to O'Donnell, the total amount of credits was $1,169.03, which is the same amount as that obtained by multiplying the number of thousand feet which Congdon and Bocarde said he cut by $4.75 per thousand. Therefore, on this point, there is a direct and substantial conflict in the testimony. The verdict of the jury was for a larger sum than was shown

by defendants to be due the plaintiff, even upon the theory that the defendants were the employers, and a smaller sum than was claimed by plaintiff. There was also a claim by plaintiff for $23 for hay and grain. Now, in this condition of the evidence, there is certainly evidence to support the verdict, and by that we mean evidence to support the finding of the jury that there was no more due to the plaintiff than they found, and a verdict in that condition, which the District Court refused to set aside, will not be disturbed by this court.

The appellant also raises another point. It appears that when this case was called for trial, a portion of the regular panel of jurors had been impaneled in a case tried just previous to this one, and upon the call of this case those jurymen were out, deliberating upon a verdict in the case upon which they were sitting. The plaintiff demanded the full panel from which to select a jury for the trial of this case, claiming that he was entitled to have the names of these absent jurors also in the box to draw from. The court, however, issued a special venire for twelve jurors. The plaintiff bases his exception in this behalf upon the cases of *Kennon* v. *Gilmer,* 4 Mont. 433; *Wykoff* v. *Loeber,* 5 Mont. 535, and *Dupont* v. *McAdow,* 6 Mont. 227. But since the decision of those cases the legislature on March 14, 1889 (16th Sess. Laws, p. 168), amended the jury law, and among other provisions enacted as follows: "If during the progress of any trial of any cause in such court, where a jury has been drawn, as in this section provided, it shall become necessary for any cause to summon additional jurors, such additional jurors shall be drawn and summoned by an open venire," etc. It is to be assumed that the legislature in passing this act had in view the mischief to be remedied, and that they were aware of the former decisions, as cited above. In a busy term of court, when one trial follows another at once, if each trial must await the return into court of the jury that may be out deliberating upon a case, the court would find itself without occupation often for long periods of time. It is apparent that this is the condition of affairs that was intended to be remedied by the legislation above quoted. We are of opinion that the enforced absence of jurors, as appeared to be the case when this trial was opened, was just such a necessity as this statute was

intended to remedy, and that the District Court committed no error in issuing the special venire.

The notice of motion for a new trial also states one of the grounds as accident and surprise and newly discovered evidence. The appellant has not called our attention to this matter in his brief, and barely mentions it upon the argument. It is apparent that he did not rely strongly upon this point. It is entirely clear that the alleged newly discovered evidence, even if it could be called such, is simply cumulative. The allegation of accident and surprise consists simply in this: that one witness testified contrary to that which plaintiff expected. That this witness so testified is set up in the affidavits of plaintiff and Jack Ryan and W. H. Reed. All of these affiants were within reach of the plaintiff on the trial, and their alleged information that this witness would testify to a different state of facts than that which he did was obtained before the trial. If the plaintiff could successfully, or at all, attack the testimony of that witness on a new trial, he was just as fully prepared to do it on the former trial of the case. This is not such accident and surprise as will warrant a court in granting a new trial.

In accordance with the views above expressed, the judgment of the District Court and the order denying a new trial are affirmed.

*Affirmed.*

Blake, C. J., and Harwood, J., concur.