LEE ET AL., RESPONDENTS, *v.* HAYDEN, APPELLANT.

(No. 4,850.)

(Submitted May 29, 1922.   Decided June 26, 1922.)

[208 Pac. 596.]

*Account Stated—Variance—Jury—Regular and Special Panels —Drawing Names from Box No. 3—Status of Jurors.*

Jury—Regular Panel—Drawing Names from Box No. 3—Status of Jurors.
   1.   Where at the opening or at any other stage of a trial term the district court finds an insufficient number of jurors drawn from box No. 1 present, it may in its discretion order the drawing of additional jurors from box No. 3 for service on the regular panel and retain them during the trial term, the contention that at the conclusion of the particular case for which drawn they cease to be lawful jurors and must be discharged being without merit.

Same—Special Panel—Status of Jurors.
   2.   *Held*, that the procedure prescribed by section 9341, Revised Codes of 1921, for drawing a special jury panel from box No. 3, which must be discharged upon conclusion of the particular case for which drawn, applies only where the regular panel has been exhausted

[63 Mont. 589.]

because of an unusual number of disqualifications for cause in the particular case on trial, or where the jury impaneled in the case previously submitted is still in deliberation.

Account Stated—Pleading and Proof—Variance—What Does not Constitute.

3. The fact that the complaint alleges a joint contract (an account stated) with two or more defendants, and the evidence discloses a separate contract with one of them, is not a variance amounting to a failure of proof within the meaning of section 9185, Revised Codes of 1921.

*Appeals from District Court, Valley County; C. D. Borton, Judge.*

ACTION by Alfred Lee and another, copartners as the Nashua Hardware & Implement Company, against J. W. Hayden. From an adverse judgment and an order overruling his motion for new trial, defendant appeals. Affirmed.

*Messrs. Dignan & Shea,* for Appellant, submitted an original and a supplemental brief; *Mr. James T. Shea* argued the cause orally.

The jury in this case having been selected from a trial jury-box that contained names of jurors selected from jury-box No. 1 and jury-box No. 3, with nine jurors in court whose names had been drawn from box No. 1, and who were neither called nor excused, clearly demonstrated that the law in reference thereto had been violated, and the circumstances mentioned in section 6357 of the Revised Codes of 1907 had not taken place, so that the court did not have authority to resort to the drawing of any jurors whose names had been drawn from jury-box No. 3. (*State* v. *Landry,* 29 Mont. 218, 74 Pac. 418.) The order denying defendant's challenge was prejudicial to him, and contrary to the provisions of the state Constitution. (Sec. 26, Art. VIII.) In effect, the jury in the case at bar was practically selected by the court.

The following authorities, though not in point as to jurors selected from boxes Nos. 1 and 3, nevertheless express the theory that trial juries must be selected in a manner that will substantially comply with the statute. (*Kennon* v. *Gilmer,* 4

Mont. 433, 2 Pac. 21; *Wykoff* v. *Loeber,* 5 Mont. 535, 6 Pac. 363; *Dupont* v. *McAdow,* 6 Mont. 226, 9 Pac. 925.)   We cite the above with knowledge of statutory amendments, and that by reason of such amendments the authorities in question, in certain particulars, have perhaps been modified in a later case (*O'Donnell* v. *Bennett,* 12 Mont. 242, 29 Pac. 1044), but the theory as to the method to be adopted and when, in reference to the drawing of box No. 3 jurors, has never been modified.

The jury must be selected, impaneled and sworn in the manner required by the statute, and a material departure from the statutory method, by which the party is deprived of a substantial right, is ground for reversal.   (24 Cyc. 255; *People* v. *Scoggins,* 37 Cal. 676; *Taylor* v. *Western Pac. R. R. Co.,* 45 Cal. 323.)

Variance.   The general principle involved is set forth in 31 Cyc. 707.   "The proof must show the same parties to the contract, decree, deed, transaction, or proceeding as are alleged in the pleadings."   (See, also, *Walsworth* v. *Johnson,* 41 Cal. 61.)   The complaint alleged an accounting with J. W. Hayden and one Anna Hayden.   The complaint was amended at the conclusion of plaintiffs' case in chief, so as to bind defendant J. W. Hayden only, and this over objection of defendant and in the face of plaintiffs' evidence that the accounting was had with the defendant "as the agent of Anna Hayden."   "Every averment which the pleadings make material as a descriptive part of the cause of action must be proved as alleged and any variance which destroys the legal identity of the matter or thing averred with the matter or thing proved is fatal."   (31 Cyc. 705.)

*Messrs. Slattery & Kline,* for Respondents, submitted a brief; *Mr. John L. Slattery* argued the cause orally.

That certain jurors serve longer than the law requires is not a ground for challenge to the panel (*People* v. *Collins,*

6 Cal. App. 492, 92 Pac. 513; *State* v. *Switzer*, 38 Nev. 108, 145 Pac. 925). Further, the jurors drawn from box No. 1 are not involved in the disqualification claimed. Those jurors were properly a part of the panel, even though it be conceded that the jurors from No. 3 were not. As a challenge to the panel must affect all the jurors in the panel, the challenge in this case was properly overruled. (16 R. C. L., Jury, sec. 57, p. 240; 24 Cyc. 328; *Stuard* v. *State*, 6 Okl. Cr. 94, 116 Pac. 204; *Maddox* v. *State*, 12 Okl. Cr. 462, 158 Pac. 883; *Buford* v. *McGetchie*, 60 Iowa, 298, 14 N. W. 790; *State* v. *Wright*, 45 Kan. 136, 25 Pac. 631; *State* v. *Morse*, 35 S. D. 18, Ann. Cas. 1918C, 570, 150 N. W. 293; 17 Standard Ency. of Procedure, 64.)

Appellant passed the jury for cause, without examination, and waived his peremptory challenges. From this we may infer that all the jurors were competent, fair and impartial, and satisfactory to the appellant in every way, save that the names of some of them were drawn from box No. 3 in the first instance. It is plain, therefore, that appellant has not been prejudiced by the irregularity, if any. (*State* v. *White*, 40 Utah, 342, 121 Pac. 579; *Penton* v. *State*, 64 Fla. 411, 60 South. 343; *People* v. *Brown*, 150 Ill. App. 365; *Woolman* v. *State*, 113 Ark. 598, 167 S. W. 851; *Rasor* v. *State*, 57 Tex. Cr. 10, 121 S. W. 512; *Doyle* v. *People*, 65 Colo. 124, 173 Pac. 1141; *Knollin & Co.* v. *Jones*, 7 Idaho, 466, 63 Pac. 638.)

As to the claim of material variance made in the motion for nonsuit, the complaint, before it was amended, claimed that an account had been stated between plaintiffs and appellant and appellant's wife. The proof showed an account stated between plaintiffs and appellant only. This court has repeatedly held that the variance, if any, is immaterial. (*Chealey* v. *Purdy*, 54 Mont. 489, 171 Pac. 926; *Verlinda* v. *Stone & Webster Engineering Corp.*, 44 Mont. 223, 119 Pac. 573; *Logan* v. *Billings & N. R. Co.*, 40 Mont. 467, 107 Pac. 415; *Knatz* v. *Wise*, 16 Mont. 555, 41 Pac. 710; *Conklin* v. *Fox*, 3 Mont. 208.)

MR. COMMISSIONER LENTZ prepared the opinion for the court.

Action on an account stated. Defendant appeals from an order overruling his motion for a new trial.

1. The first contention on this appeal is that the court erred in [1] overruling defendant's challenge to the jury panel. The record shows that the case at bar was the second tried at that term, and that when called for trial the jury-box contained the names of fifteen jurors that had been drawn from box No. 1, and the names of seven jurors that had been drawn from box No. 3.

In obedience to an order made December 15, those jurors whose names were from box No. 1 had reported for duty on December 28, 1920, the opening day of the trial term, at which time the court, finding an insufficient number of jurors present to proceed with the trial of cases, directed the clerk to draw the names of additional jurors from box No. 3 for service on the regular panel, with orders that they report at 5 o'clock on the same day. The record is vague as to the exact purport of the order, but the action of the court in requiring them to report for further duty after the first trial jury had been selected shows that it was the court's intention to add to the regular panel by a call from box No. 3, and this seems to be conceded by defendant, for in his challenge he recites that, "Said panel was to supplement the jury venire drawn from box No. 1."

The point sought to be raised by the challenge is that the seven whose names were drawn from box No. 3 ceased to be lawful jurors at the conclusion of the trial of the first case; that they could be permitted to serve on that case only, and then must be discharged; that in any event the names originally from box No. 1 must first be resorted to and those from box No. 3 may be used only after the former have all been called.

Plaintiffs contend that the challenge is improper and insufficient, and does not reach the objection sought to be raised.

63 Mont.—38

Under the view we take of this matter, it is not necessary to decide that question. We will assume for the purposes of this decision that the objection is properly before the court, and will come to a conclusion on the merits without regard to the method by which appellant has sought to raise it.

That the court, in a proper case may add to and fill up his regular panel by drawing the names of additional jurors from box No. 3 for service as regular jurors, and may retain them through the trial term, is manifest from an examination of the statutes.

It is the duty of the clerk of the district court to keep three jury-boxes designated as boxes Nos. 1, 2 and 3. (Secs. 8899, 8905, 8907, Rev. Codes 1921.) In box No. 1 he is required to deposit and keep the ballots containing the names of the jury list prepared by the commissioners for the current year. (Sec. 8899.) In box No. 2 the clerk must deposit from time to time and keep the ballots containing the names of all persons who have served during the year. (Sec. 8905.) Box No. 3 is to contain the names, upon duplicate ballots, of all competent jurors residing in the city or town where the court sits. (Sec. 8907.) Sections 8902 to 8906 direct when and how the drawing shall be conducted. When the order is made by the court directing a panel to be drawn and fixing the required number (Sec. 8902), the clerk proceeds in the presence of the court to draw from box No. 1. (Sec. 8903.) The persons whose names are drawn are then summoned by the sheriff. (Sec. 8910.) If there are not sufficient names in box No. 1 to make up the required list, the drawing must be continued from box No. 2. Resort can be had to box No. 3 only under the circumstances indicated in section 8911, or in a proper case under the provisions of section 9341.

Section 8911 is as follows: "If a sufficient number of trial jurors, duly drawn and notified, do not attend or cannot be obtained in the opinion of the court, without great delay, or expense to form a jury, the court may, in its discretion, direct

the clerk to draw from box No. 3, in the presence of the court, the names of as many persons as the court deems sufficient for that purpose."

When confronted with the situation and conditions set out in section 8911, either at the opening or at any other stage of the trial term, the court, after entering in the minutes a proper finding that the emergency has arisen, may order a sufficient number of jurors to be drawn from box No. 3 to replenish the regular panel and they are authorized to serve as regular jurors through the remainder of the trial term on the same footing as the jurors originally drawn from box No. 1.

It will be noted, however, that the drawing from box No. 3 under the authority of section 8911 is ordered by the court "in its discretion," and when the situation seems properly to require it. This of course will be done, just as are other acts of the court, under a reasonable and legal discretion which it is assumed will not be abused, as, for example, by drawing in the first instance a very small and insufficient panel from box No. 1, and then, under the emergency which the court itself has created, drawing the major portion of the panel from box No. 3. (*State* v. *Landry*, 29 Mont. 218, 74 Pac. 418; *State* v. *Pippi*, 59 Mont. 116, 195 Pac. 556; *State* v. *Showen*, 60 Mont. 474, 199 Pac. 917.)

Defendant insists that if section 8911 be read in connection [2] with section 9341, the intention is manifest that jurors drawn from box No. 3 can never become a part of the regular panel, and that they must always be discharged after serving on the trial of a single case. We think this contention cannot be sustained. Section 9341 appears in chapter 28, entitled "Trial by Jury—Formation of the Jury." It reads as follows: "If a sufficient number of jurors duly drawn and notified do not attend to form a jury, or a jury is impaneled in another cause and not discharged, the court shall, by an order to be entered in the minutes, direct the clerk to draw a sufficient number of ballots from box No. 3, specified in section 8907 of this Code, to complete the jury. The sheriff must

notify the persons thus drawn to attend forthwith, or at a time fixed by court. If for any reason a sufficient number of jurors to try the issue is not obtained, from the persons notified, under an order made as prescribed in this section, the court may make another order, or successive orders, until a sufficient number is obtained. Each person so notified must attend at a time required by the notice, and unless excused by the court or set aside, must serve as a juror upon the trial. For a neglect or refusal so to do, he may be fined in the same manner as a trial juror, regularly drawn, and notified, as prescribed in this Code; and he is subject to the same exceptions and challenges as any other trial juror.''

It has no especial connection with section 8911, which is a part of Chapter 16, entitled ''Drawing and Summoning Jurors for Courts of Record.'' It is intended to enable the court to proceed without undue delay where the regular panel, which is ample for all ordinary purposes, has been exhausted, because of an unusual number of disqualifications for cause in the particular case on trial, or where the jury impaneled in the case previously submitted is still in deliberation. In this situation the court may draw a special panel from box No. 3 for service on a single case, and as soon as that is tried the special panel, having served its function, is discharged, and trials continue with the regular panel as before. (*O'Donnell* v. *Bennett,* 12 Mont. 242, 29 Pac. 1044.)

If appellants' contention were sustained, a court, finding itself with an insufficient number of jurors from causes that could not be avoided, must either postpone its cases and recess until a venire can be called from the body of the county, which might require a week or two weeks, or it must be subjected to the necessity of drawing a special venire for each case, either of which alternative would impose a burden of expense and delay that was never contemplated by the statute.

2. The complaint alleged that an account was stated between [3] plaintiffs and J. W. Hayden and Anna Hayden. The action was dismissed as to Anna Hayden, and evidence was

then introduced, showing that an account was stated between
plaintiffs and defendant J. W. Hayden. After plaintiffs had
rested defendant moved for a nonsuit, which was denied. He
declined to introduce any evidence, and now insists that his
motion should have been sustained for the reason that there
is a variance. The motion was properly denied. The fact
that a complaint alleges a joint contract with two or more de-
fendants and the evidence discloses a separate contract with
only one of them is not a variance amounting to a failure of
proof within the meaning of section 9185, Revised Codes of
1921. (*Chealey* v. *Purdy*, 54 Mont. 489, 171 Pac. 926; *Logan*
v. *Billings & Northern R. Co.*, 40 Mont. 467, 107 Pac. 415;
*Conklin* v. *Fox*, 3 Mont. 208; *Knatz* v. *Wise*, 16 Mont. 555, 41
Pac. 710; *McIntosh* v. *Ensign*, 28 N. Y. 169; secs. 9314, 9315,
Rev. Codes, 1921.)

We find no reversible error in the record, and therefore rec-
ommend that the order be affirmed.

PER CURIAM: For the reasons given in the foregoing opin-
ion, the judgment and order appealed from are affirmed.

*Affirmed.*