## STATE v. BAT DeJOURNETTE, KATE DeJOURNETTE AND ELMER WILLIAMS.

(Filed 14 December, 1938.)

**1. Criminal Law § 77d—**

The Supreme Court can judicially know only what appears from the record.

**2. Criminal Law § 81b—**

When it cannot be determined from the record that the instructions excepted to are prejudicial, the record failing to show how the homicide occurred or what the evidence was, the exceptions cannot be sustained, appellant having failed to show reversible error.

APPEAL by defendant Bat DeJournette from *Pless, J.,* at May Term, 1938, of GUILFORD.

Criminal prosecution, tried upon indictment charging Bat DeJournette, his wife, Kate DeJournette, and Elmer Williams with the murder of one Garland Mangum.

Upon the call of the case for trial, Elmer Williams tendered a plea of "guilty of accessory before the fact to murder in the first degree," which plea was accepted by the State. The defendants Bat DeJournette and Kate DeJournette pleaded not guilty, and were tried by a jury.

Verdict: Bat DeJournette, "guilty of murder in the first degree as charged in the bill of indictment"; Kate DeJournette, "guilty accessory after the fact of murder in the first degree."

Judgment as to Bat DeJournette: Death by asphyxiation.

The defendant Bat DeJournette appeals, assigning errors.

SAMMONS v. FASUL.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*

*Spencer B. Adams and Brooks, McLendon & Holderness for defendant, appellant.*

STACY, C. J. The transcript consists of the record proper, the charge of the court, and a number of exceptions to the charge. This is agreed to as the case on appeal. *S. v. Dee, ante,* 509. Nothing else appears on the record. *S. v. Ross,* 193 N. C., 25, 136 S. E., 193.

With no knowledge of how the homicide occurred or what the evidence was—and this is a matter we can know judicially only from the record— we cannot say the instructions complained of are prejudicial or hurtful, even if theoretically they appear to be slightly erroneous in some particulars.

No reversible error having been shown, the verdict and judgment will be upheld.

No error.