STATE, Respondent *v.* HAY, Appellant.

No. 8684.

Submitted December 15, 1947. Decided January 27, 1948.

194 Pac. (2d) 232.

574

Messrs. Rankin & Acher and Mr. Clyde Hayden, all of Helena, for appellant. Mr. Rankin and Mr. Acher argued the cause orally.

Mr. R. V. Bottomly, Atty. Gen., Mr. Clarence Hanley, Mr. Alfred F. Dougherty and Mr. M. Baxter Larson, Ass't. Attys. Gen., Mr. Forrest H. Anderson, and Mr. Melvin E. Magnuson, County Attys., both of Helena, for respondent. Mr. Dougherty and Mr. Larson argued the cause orally.

MR. JUSTICE METCALF delivered the opinion of the court.

The defendant Donald Robert Hay has appealed from a judgment of conviction of the crime of robbery and from an order denying him a new trial.

The record consists of the judgment roll, a notice of appeal and a bill of exceptions limited to the proceedings on settlement of instructions and defendant's challenge to the jury panel and the court's order thereon.

On February 20, 1946, a trial jury of 70 members was sum-

moned to appear March 5, 1946. Of those summoned, eight failed to appear, six were disqualified, nine claimed exemptions and 26 for good cause shown were excused, leaving 19 who qualified.

The instant case was set for trial April 17, 1946. On April 8, 1946, in the course of the trial of a civil case presided over by the Hon. Jeremiah J. Lynch of the second judicial district, the regular panel was exhausted. Thereupon, according to the minutes of the court, "the Hon. George W. Padbury, Jr., and the Hon. A. J. Horsky, Judges of this court being of the opinion that, from causes that could not be avoided, the number of trial jurors, to-wit, 19 jurors now in attendance is insufficient to complete the jury for the cause now on trial, and for other causes now set or to be set for trial on the present calendar and that a sufficient number of jurors cannot be obtained by drawing from Jury Box No. 1, without great delay, expense and inconvenience, therefore instructed and requested the Hon. Jeremiah J. Lynch, presiding in this trial to order and direct that a venire of 20 names be drawn from Jury Box No. 3, and that the persons whose names are so drawn appear before this court at the hour of 3 o'clock P. M., April 8, 1946, to supplement the panel heretofore drawn and to serve as regular jurors during the remainder of the present term of court in both departments of this court, and that service be had on the persons so drawn by personal service."

Thirteen of this special venire appeared, of whom one claimed exemption, four were excused and eight were retained. Thereafter two other jurors were excused.

On April 15, 1946, a challenge in writing to the jury panel was filed, which after argument, was disallowed. On April 17th the court made the following order: "In this matter, it appearing to the court that all of the jurors on the regular panel, now in attendance upon this court having been sworn and examined and the trial jury being incomplete for the trial of the case of The State of Montana, Plaintiff vs Donald Robert Hay, Defendant, now in progress, and the entire regular panel

being exhausted, and that a sufficient number of jurors cannot be obtained for the trial of this cause to form a jury by drawing from Jury Box No. 1 without great delay, expense and inconvenience, it is ordered and directed that a special venire of 25 names be drawn from Jury Box No. 3 and that the persons whose names are so drawn appear before this court at the hour of 10:00 o'clock A. M., April 18, 1946, to serve as special jurors herein, * * *''

Seventeen of this special venire appeared and qualified and the defendant went to trial before a jury consisting of six whose names had been drawn on the regular panel on February 20, 1946, two whose names had been drawn from jury box No. 3 on April 8, 1946, and four whose names had been drawn from jury box No. 3 on April 17, 1946. All the jurors were residents of the city of Helena.

It is the defendant's contention that the trial court erred in denying the challenge to the jury panel.

The defendant based his challenge to the panel upon two propositions, the first of which is as follows: The special venire of 20 names drawn from jury box No. 3 on April 8, 1946, was drawn pursuant to an order made by the Hon. Jeremiah J. Lynch. Apparently the regularly qualified district judges of the first judicial district had been disqualified and Judge Lynch was holding court in a civil cause as a judge called in under the provisions of section 8868, Revised Codes of Montana, 1935. After Judge Lynch exhausted the regular panel he was ''instructed and directed'' by Judges Padbury and Horsky, the regularly constituted judges of the first judicial district, to draw a venire of 20 names from jury box No. 3 ''to supplement the panel heretofore drawn and to serve as regular jurors during the remainder of the present term of court in both departments of this court.''

Jurors drawn on this special panel were retained after the completion of the civil cause presided over by Judge Lynch. The defendant contends that when jurors are drawn by a judge called in to preside over a single case in place of a disqualified

judge, they are empowered to serve on that single case only and after the completion of the case their powers are exhausted.

Section 9341, Revised Codes, allows the court to draw a ██ special panel of jurors from jury box No. 3 sufficient to complete the jury. The jurors so drawn must be discharged at the conclusion of the case. But this procedure "has no especial connection with section 8911 * * *. It is intended to enable the court to proceed without undue delay where the regular panel, which is ample for all ordinary purposes, has been exhausted, because of an unusual number of disqualifications for cause in the particular case on trial, or where the jury impaneled in the case previously submitted is still in deliberation." Lee v. Hayden, 63 Mont. 589, 596, 208 Pac. 596, 597.

From the minutes of the court and the order issued by Judge Lynch it is evident that the first special panel was not for the one trial over which Judge Lynch was presiding but was to replenish the regular panel and the jurors were "authorized to serve * * * through the remainder of the trial term on the same footing as the jurors originally drawn from box No. 1." Lee v. Hayden, supra.

The court made a finding that the 19 jurors in attendance were insufficient "to complete the jury for the cause now on trial, and for other causes now set or to be set for trial on the present calendar"; that great delay, expense and inconvenience would result if the jurors were drawn from jury box No. 1 and that a venire be drawn to serve for the remainder of the term in both departments.

This order as set out in the minutes of the court, conforms to the requirements of section 8911, Revised Codes, and indicates that the venire drawn from jury box No. 3 by Judge Lynch was intended by Judge Lynch and Judge Horsky and Judge Padbury to serve in all departments for the remainder of the term.

Section 8821, Revised Codes, declares, that a judge holding court in a district other than his own at the request of the

judge of that district "has the same power either in court or chambers as a judge thereof."

Section 9098, subdivision 4, says: "If such judge [the judge called in] shall so appear he shall be vested with, and shall exercise, in said cause, all the authority of the judge of the district in which said action or proceeding may be pending."

If one of the local judges had been presiding at the trial of the civil cause instead of Judge Lynch and an emergency had arisen, clearly under the provisions of section 8911, Revised Codes, he would have had the authority to draw additional jurors from jury box No. 3 to serve for the remainder of the term. Then it follows that sections 8868, 8821, and 9098 give the judge called in the same power.

The seventeen jurors remaining from the original panel and seven members of the panel drawn by Judge Lynch were all residents of the city of Helena. The second special venire was drawn from Jury box No. 3 and of necessity these jurors were also all residents of Helena. The defendant's second contention is that he had a right to be tried by a jury drawn from the county at large and that the jury panel from which his jury was taken was not drawn from a cross section of the county.

The jury list for jurors in this state is made up by the chairman of the board of county commissioners, the county treasurer, and the county assessor, sec. 8896, from the last assessment roll of the county and includes the names of all persons qualified to serve as trial jurors, sec. 8897. The list is delivered to the clerk of the district court, sec. 8898, who prepares individual ballots for each person whose name is on the list and inserts each ballot in a black capsule and deposits all the capsules in a box known as jury box No. 1, sec. 8899.

In addition the clerk deposits capsules containing duplicate ballots in a box known as jury box No. 3 of all persons selected and returned as trial jurors who reside in the city or town where a trial term of the court is held. Sec. 8907.

Whenever the business of the court requires the attendance of a trial jury the court makes an order specifying the number

of jurors to be drawn and the time at which the jurors are required to attend. Sec. 8902.

"If a sufficient number of trial jurors, duly drawn and notified, do not attend or cannot be obtained in the opinion of the court, without great delay or expense to form a jury, the court may, in its discretion direct the clerk to draw from box No. 3, in the presence of the court, the names of as many persons as the court deems sufficient for that purpose." Sec. 8911.

A defendant has a right to an impartial jury "selected from ▮ the proper and drawn and summoned according to law." Dupont v. McAdow, 6 Mont. 226, 229, 9 Pac. 925, 926.

The systematic and intentional exclusion of a class of persons ▮ or a purposeful and deliberate design to secure the jury from a limited area instead of the entire county deprives a defendant of fundamental constitutional rights. Thiel v. Southern Pac. Co., 328 U. S. 217, 66 S. Ct. 984, 90 L. Ed. 1181, 166 A. L. R. 1412; Fay v. New York, 332 U. S. 261, 67 S. Ct. 1613, 91 L. Ed. 609.

Here there is no showing of such a deliberate design. Seventy ▮▮ jurors were drawn from jury box No. 1. We cannot say it was an abuse of discretion not to draw 80 or 90 or 100 jurors. It must be presumed that the court acted in the light of past experience and summoned a number sufficient to provide the court with an adequate panel. There is nothing in the record to indicate an abuse of discretion in the order fixing the number of persons to be summoned for the regular panel. Nor is there any showing that a single juror of the six who were disqualified was actually qualified, or that any of the nine who claimed exemptions were actually not exempt or that any of the remainder who were excused were excused for reasons that were slight or trivial. Sec. 8894.

The situation then, is not like that condemned in Lee v. Hayden, supra, where this court said that it is assumed the reasonable and legal discretion of the court will not be abused "as, for example, by drawing in the first instance a very small

and insufficient panel from [jury] box No. 1, and then under the emergency which the court itself has created, drawing the major portion of the panel from box No. 3.''

The question presented here was raised in the case of Lehman & Co. v. Skadan, 86 Mont. 553, 556, 284 Pac. 769, 770, where a panel of 150 jurors had dwindled to 21, all but one of whom were residents of the county seat, and that one resided nearby. The contention was the same as that advanced by the defendant. The court said: ''If the situation here presented was, as intimated, brought about by a deliberate plan on the part of the judge to hold only those jurors residing at the county seat, in the interest of economy and convenience, however, desirable such an arrangement might be, we would unhesitatingly hold that the plaintiff's rights were violated, but the record does not warrant such an inference. Jurors were excused 'for sufficient cause' from time to time throughout a long jury term of more than four months, and it is well known to those having experience in such matters that jurors residing at a distance, and especially farmers, are more insistent on being excused than are those who may remain at home and attend to private business while not actually engaged in the trial of cases, and that, toward the end of a long term, the court will find the panel depleted of such jurors, unless he exercises his discretion with extreme caution. The most that can be said here is that, perhaps, the trial judge lent too sympathetic an ear to recited woes of his jurors from the agricultural districts. We recommend that, in the future, he 'hardeneth his heart' against excuses, earnestly urged, but too often lacking in merit, to the end that such a situation may not again arise.

''As noted above, the jurors were regularly drawn and impaneled, and were as much a regular panel as though they came from all parts of the county, and, as we must presume in the absence of a showing to the contrary that official duty has been regularly performed (section 10606, subd. 15, Rev. Codes 1921), we must assume that the situation resulted from unavoidable accident, and not from an abuse of discretion.

"Litigants are not entitled to have their cases tried before particular jurors (35 C. J. 299) or jurors selected from a panel drawn at a particular time; their rights in this respect being sufficiently protected if a fair and impartial jury was drawn in the manner provided by law (State v. Vuckovich, 61 Mont. 480, 203 Pac. 491)."

The other errors assigned relate to instructions given by the court. The court gave instruction No. 17 as follows: "The court instructs the jury, as a matter of law, that where two witnesses testify directly opposite to each other on a material point, and are the only ones that testify directly to the same point, you are not bound to consider the evidence evenly balanced, or the point not proved; you may regard all the surrounding facts and circumstances proved on the trial and give credence to one witness over the other, if you think such facts and circumstances warrant it."

In State v. Jones, 48 Mont. 505, 139 Pac. 441, 448, this court declared that this "instruction has no place in a criminal case." In State v. Darchuck, Mont., 156 Pac. (2d) 173, the instruction was disapproved in an opinion granting a new trial on another point.

The court also gave instruction No. 31, which provided: "If you believe from the evidence that a witness has been successfully impeached by reason of statements made out of court conflicting with statements made by him on the witness stand in this case, *you will be justified in disregarding his entire testimony except insofar as he has been corroborated by other credible evidence or by facts and circumstances proved on the trial.*"

The underscored portion of the instruction is the part to which the defendant objects. An instruction containing similar language was considered in Vande Veegaete v. Vande Veegaete, 75 Mont. 52, 243 Pac. 1082, and in State v. Hogan, 100 Mont. 434, 436, 49 Pac. (2d) 446, and the giving of the instruction was declared to be reversible error.

The evidence adduced at the trial was not made a part of the bill of exceptions on this appeal. It is defendant's

contention that the two instructions are so inherently erroneous that reversible error was committed under any state of facts. There are two reasons why this contention is untenable. First: This court on appeal "must give judgment without regard to technical errors or defects, or to exceptions, which do not affect the substantial rights of the parties." Sec. 12125, Rev. Codes. Erroneous instructions are not cause for reversal in the absence of any prejudice. Olson v. Butte, 86 Mont. 240, 283 Pac. 222, 70 A. L. R. 1352; John v. Northern Pac. Ry. Co., 42 Mont. 18, 111, Pac. 632, 32 L. R. A., N. S., 85; State v. Fuller, 34 Mont. 12, 85 Pac. 369, 8 L. R. A., N. S., 762, 9 Ann. Cas. 648.

"But the fact that the trial court incorporates an erroneous statement in his charge does not necessarily command a reversal of the judgment, as this court is required to 'give judgment without regard to technical errors * * * which do not affect the substantial rights of the parties.' Sec. 12125, Rev. Codes 1921." State v. Daems, 97 Mont. 486, 500, 37 Pac. (2d) 322, 327.

In order to give effect to section 12125, Revised Codes, to determine whether the erroneous instructions were merely technical errors, or affected the substantial rights of the accused, it is necessary that we have before us a transcript of the evidence. Only by an examination of the complete record can we ascertain whether or not there has been a miscarriage of justice. Without the evidence before us we can only speculate as to the effect of the instructions complained of. Sparks v. State, 72 Okl. Cr. R. 283, 115 Pac. (2d) 277; Deal v. State, 99 Tex. Cr. R. 385, 268 S. W. 746; State v. DeJournette, 214 N. C. 575, 199 S. E. 920.

Prejudice cannot be presumed in a criminal cause but it must be made to appear, either affirmatively by the record or by a denial of a substantial right from which the law imputes prejudice. State v. Hall, 55 Mont. 182, 188, 175 Pac. 267; State v. Prouty, 60 Mont. 310, 199 Pac. 281; Lindeberg v. Howe, 67 Mont. 195, 215 Pac. 230.

"Instructions in the absence of the evidence from the record

██ 'may not be held erroneous unless they appear to be so upon any supposable state of facts which might have been presented by the evidence'." State v. Phillips, 36 Mont. 112, 92 Pac. 299, 301, as cited in State v. Wong Sun, 114 Mont. 185, 194, 133 Pac. (2d) 761, 764, citing cases.

In the instant case the two instructions may have been ██ directed at the prosecution witnesses and may have been actually beneficial to the defendant. Or there may have been no evidence to which the instructions could have been applied in a way prejudicially affecting the rights of the defendant. In the absence of an affirmative showing in the record that the jury could have applied these contested instructions to the testimony of defendant's witnesses, no prejudice is shown.

Second: In any event this court would be precluded from ██ considering the objection because of the prohibition in section 11969, Revised Codes.

At the time the instructions were settled, the only objection to instruction No. 17 was that it "is not a correct statement of the law; it is not applicable to the facts in this case." The objection to instruction No. 31 was that "it is repetitious and not a correct statement of the law."

Section 11969, Revised Codes, subdivision 4, provides in part: "* * * On such settlement of the instructions the respective counsel, or the parties, shall specify and state the particular ground on which the instruction is objected or expected to, and it shall not be sufficient in stating the ground of such objection or exception to state generally that the instruction does not state the law, or is against law, but such ground of objection or exception shall specify particularly wherein the instruction is insufficient, or does not state the law, or what particular clause therein is objected to * * * no cause shall be reversed by the supreme court for any error in instructions which was not specifically pointed out and excepted to at the settlement of the instructions herein specified. * * *"

The objections made by counsel were not sufficient to suggest the errors now urged. State v. McClaim, 76 Mont. 351, 246 Pac.

956; State v. Daw, 99 Mont. 232, 43 Pac. (2d) 240; State v. Cassill, 71 Mont. 274, 229 Pac. 716.

We do not find any reversible error in the record. The judgment and order denying motion for a new trial are affirmed.

Associate Justices Choate, Gibson and Angstman, concur.

Mr. Chief Justice Adair (dissenting).

In State v. Darchuck, 117 Mont. 15, 156 Pac. (2d) 173, 175, decided February 20, 1945, this court in reversing a conviction of involuntary manslaughter because of the failure of the trial court's instruction No. 16 to include "proximate cause" as an element of the crime, said: "It is our view that because of the giving of instruction No. 16, the defendant is entitled to a new trial."

In the instant case the trial court's instructions Nos. 17 and 31, given over defendant's objections, contain misstatements as to the law and are clearly erroneous under any possible state of facts. Such instructions when followed by the jury could only result in prejudice to the accused for the trial judge's misstatement of the law and his misdirection of the jury deprived the accused of his substantial rights.

That the giving of the two erroneous instructions over defendant's objections constitutes reversable error see: State v. Darchuck (1945), supra; State v. Jones, 48 Mont. 505, 139 Pac. 441; State v. Hogan, 100 Mont. 434, 436, 49 Pac. (2d) 446; Vande Veegaete v. Vande Veegaete, 75 Mont. 52, 243 Pac. 1082; State v. Simanton, 100 Mont. 292, 306, 49 Pac. (2d) 981; Parrin v. Montana Central Ry. Co., 22 Mont. 290, 292, 56 Pac. 315; State v. Mason, 24 Mont. 340, 341, 61 Pac. 861; Lawrence v. Westlake, 28 Mont. 503, 507, 73 Pac. 119; Donovan-McCormick Co. v. Sparr, 34 Mont. 237, 85 Pac. 1029; State v. Sloan, 35 Mont. 367, 89 Pac. 829.

Rehearing denied June 16, 1948.