No. 13330

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

THE STATE OF MONTANA,

                Plaintiff and Respondent,

    -vs-

LOUIS ARTHUR ANDERSON,

                Defendant and Appellant.

---

Appeal from:  District Court of the Fourth Judicial District,
             Honorable E. Gardner Brownlee, Judge presiding.

Counsel of Record:

    For Appellant:

        D. R. Matthews argued, Missoula, Montana

    For Respondent:

        Hon. Robert L. Woodahl, Attorney General, Helena,
        Montana
        Douglas G. Harkin argued, County Attorney, Hamilton,
        Montana

---

                      Submitted:  October 22, 1976

                        Decided:  DEC 13 1976

Filed:  DEC 13 1976

*Thomas J. Kearney*
                 Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Defendant Louis Arthur Anderson appeals from a final judgment of conviction for the crime of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor following a jury trial in the district court, Ravalli County.

On the evening of December 18, 1974 defendant was stopped by Montana Highway Patrol Officer Stotts when defendant failed to dim his bright headlight beams for oncoming traffic. Upon observing defendant's speech and behavior, Officer Stotts and Officer Buck, the other investigating officer, concluded defendant was intoxicated. Officer Stotts cited defendant for driving a motor vehicle upon a public highway while under the influence of intoxicating liquor.

Defendant appeared before the Ravalli County justice court on January 30, 1975 and a six man jury found defendant guilty as charged. The decision of the justice court was appealed by defendant to the district court, Ravalli County.

On December 2, 1975, a twelve man jury returned a verdict finding defendant guilty. Defendant appeals and presents three issues for this Court's review:

1. Did the district court err when the court refused defendant's proposed instruction No. 3?

2. Did the district court err when it permitted the arresting highway patrolman to demonstrate to the jury the manner in which the defendant walked at the scene of the arrest?

3. Did the district court err when the court denied defendant's motion for an order allowing defendant to appeal his

conviction with a partial transcript containing only the arresting highway patrolman's testimony?

Defendant's first issue concerns refusal of his proposed jury instruction No. 3, which in effect defined driving while under the influence of intoxicating liquor as the lessening of the ability of the driver of an automobile to control the vehicle. The record discloses defendant was not stopped on the evening of December 18, 1974, for failing to exercise reasonable control over the movement of defendant's vehicle on the road, rather defendant was stopped by Officer Stotts because he failed to dim his bright headlight beams for oncoming traffic. Defendant's proposed instruction No. 3 was inapplicable under these particular facts. If given, the jury might be misled to believe that in order to show that defendant violated section 32-2142, R.C.M. 1947, the state must prove that defendant was under the influence of intoxicating liquor, that defendant was driving a motor vehicle on the highways of Montana and that being under the influence of intoxicating liquor affected defendant's driving ability. This would be an incorrect statement of the applicable law.

Where jury instructions as a whole correctly state the law prejudice is not created because of a refusal of a proposed instruction. State v. Bosch, 125 Mont. 566, 242 P.2d 477; State v. Lukus, 149 Mont. 45, 423 P.2d 49.

Upon examining all of the instructions presented to the jury by the district court, we conclude the jury was properly instructed as to the applicable law in defendant's case and defendant incurred no prejudice through the exclusion of proposed instruction No. 3.

- 3 -

Defendant's second allegation of error involves the district court's permitting Officer Stotts to demonstrate to the jury the manner in which the defendant walked at the scene of the arrest on the evening of December 18, 1974.

The particular question of whether a witness may demonstrate the physical mannerisms of a defendant before a jury in a criminal matter would appear to be a matter of first impression in the state of Montana. Other jurisdictions acknowledge that a witness may give testimony showing that the accused, at the time of his arrest, appeared intoxicated. Millican v. State, 143 Tex. Crim. 115, 157 S.W.2d 357; Green Lake County v. Domes, 247 Wis. 90, 18 N.W.2d 348. There is also recognized authority that a skilled or expert witness may use his own body, or a member of his body, or an article to illustrate or explain the evidence. State v. Atwood, 250 N.C. 141, 108 S.E.2d 219.

Defendant objected to the demonstration of Officer Stotts on the grounds there was no adequate foundation for admission of the demonstration and the demonstration would not be on the record for appellate purposes.

Whether the proper foundation for admission of the demonstration was presented and whether defendant would be substantially prejudiced by the admission of the demonstration is a preliminary question addressed to the discretion of the district court. As stated in State v. Medicine Bull, Jr., 152 Mont. 34, 45, 445 P.2d 916:

> "* * * the solution of the question of admissibility
> of the evidence must in every case be left largely
> to the sound legal discretion of the trial court,
> subject to review only in case of manifest abuse."

- 4 -

Defendant's contention there was inadequate foundation for allowing the demonstration by Officer Stotts would appear to be without merit. The record discloses Officer Stotts had ample opportunity to observe the defendant walking at the time of the arrest and at the time of the trial Officer Stotts had good recollection of the manner in which defendant walked on the evening in question. Defendant was allowed the opportunity to cross-examine Officer Stotts prior to the demonstration.

Defendant's objection that the demonstration would not be adequately represented in the trial record is without merit. Officer Stott's demonstration was accorded the same formalities of recordation as any other introduction of non-verbal evidence. We find no abuse of discretion in the admission of this demonstration.

Defendant's final allegation of error concerns the district court's denial of defendant's request to use a partial transcript for purposes of appeal. Defendant cites section 93-8018, R.C.M. 1947, in his appellate brief as authority for the use of partial or abbreviated records on appeal.

Section 93-8018 (superseded by appropriate rules in Montana Rules of Appellate Civil Procedure), was applicable to abbreviated records on appeal in civil actions.

Defendant's motion for a partial transcript for purposes of appeal would be appropriately made under section 95-2408(b), R.C.M. 1947, which provides in pertinent part:

> "Unless the entire transcript is to be included, the appellant shall, within the time above provided, file and serve on the respondent a description of the parts of the transcript which he intends to include in the record and a statement of the issues which he intends to present on the appeal."

Defendant's motion for partial transcript, dated February 25, 1976, is defective since it does not set forth those issues which defendant intended to present on the appeal. The purpose for setting out the issues on appeal in the motion for partial transcript is to notify the court and opposing parties as to what areas of the record will be needed to argue the issues on appeal.

Even if defendant's motion for partial transcript was not found to be fatally defective, it was within the sound discretion of the district court to determine that only by the examination of a complete record could it be determined whether or not a miscarriage of justice occurred. State v. Hay, 120 Mont. 573, 194 P.2d 232. We find no abuse of discretion.

The judgment is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

_____
Hon. L.C. Gulbrandson, District
Judge, sitting for Justice
Wesley Castles.