MR. JUSTICE SHEA,
dissenting:
I agree with the majority opinion holding section 94-5-304, R.C.M.1947, to be unconstitutional. Clearly, the United States Supreme Court has prohibited mandatory death penalties because there is no allowance for consideration of mitigation. However, I would go yet another step and reverse the conviction because the second jury panel was not chosen in substantial compliance with the applicable statutes of calling in a new jury array. In fact, there was a complete failure to follow section 93-1501 and 93-1509, R.C.M.1947.
The majority proceeds with this issue as though the District Court was only calling in additional jurors to complement the jury panel already legally in existence. The law involved is contained in Title 93, Chapter 15, entitled “JURORS-DRAWING AND SUMMONING FOR COURTS OF RECORD.” Section 93-1512, *40 R.C.M. 1947, upon which the majority relies, is but one of the statutes coverning the selection of juries. That section provides:
“Obtaining additional jurors when necessary. Whenever it appears to a district judge that additional jurors will be needed for any term or trial the judge shall draw as many numbers from the box [No. 1] as are necessary to secure the required number of additional jurors. Before drawing the numbers, the judge shall by appropriate order designate the number of jurors needed, and when the judge believes that securing the additional jurors from all of the county would cause unnecessary delay or expenses, [then] he may order the jurors'selected from only a designated portion of the county, which portion shall never be less than the corporate limits of the county seat. If, in the selection of the additional jurors, a number is drawn and the jury list shows the person represented by the number to be a resident of an area outside the area designated by the court order, then that number shall be returned to the jury box and a new number drawn. When the required number of names have been selected, the judge may order the prospective jurors notified by telephone by the clerk of the court or he may order them summoned by the sheriff either by certified mail or by personal service.” (Emphasis added).
This statute allows additional jurors to be summoned by telephone (as one of the means of summoning a juror) where the jury array, then legally in existence, is not sufficient in number to complete the work of the court during the term of court. It does not apply where the legal existence of a jury array has been successfully challenged and it therefore becomes necessary to summon an entirely new jury panel — precisely what occurred in this case. The entire jury panel was excused because it was not summoned in compliance with the applicable statutes. The majority recognizes that this happened by stating:
“* * * On October 20, 1975, defendant filed a challenge to the jury panel claiming that it was not drawn and summoned in accorr dance with the jury selection statutes. The challenge was made in conformity with section 95-1908, R.C.M.1947, which states how a *41 jury challenge is to be made. After a full hearing on the challenge, the District Court dismissed the jury panel. ” (Emphasis added.)
Clearly, upon this dismissal, the jury panel was no longer legally in existence. If any more cases were to be tried during that jury term, an entire new jury panel had to be summoned. In such case sections 93-1501 and 93-1509, R.C.M.1947, come into play. Section 93-1501, “Summoning of trial jury”, provides;
“At least once each year in each county, when a civil or criminal case has been at issue and ready for trial for more than six (6) months and the plaintiff or defendant in such case has requested a jury trial of whenever the business of a district court requires the attendance of a trial jury for the trial of civil or criminal cases, and no jury is in attendance, the court must make an order directing a trial jury to be drawn and summoned to attend before said court. Such order must specify the number of jurors to be drawn, and the time at which the jurors are required to attend, which time may be at the same term in which the jurors are drawn, or at the next succeeding term, in the discretion of the court. And the court may direct that such causes, either criminal or civil, in which a jury may be required, or in which a jury may have been demanded, be continued and fixed for trial when a jury shall be in attendance.” (Emphasis added.)
Thereafter, the status providing for the mechanics of selecting a jury panel (sections 93-1503 et seq.) are followed until the requisite number of jurors is chosen from the jury list and jury boxes. After this is done, the jurors are then summoned in the manner as provided in section 93-1509, which provides:
“The sheriff, as soon as he receives a list or lists of jurors drawn, shall summon the persons named therein to attend the court at the time mentioned in the order, by a written notice by certified mail to that effect addressed to them to the post office address named in the jury list and deposited in the post office with the postage thereon prepaid, except in cases where the district judge expressly directs that such services shall be made by giving personal notice, and shall return the list to the court at the opening of the regular *42 session thereof, or at such session or time as the jurors may be ordered to attend, specifying the names of those who are summoned, and the manner in which each person was notified.” (Emphasis added.)
There can be no question that sections 93-1501 and 93-1509 must be followed in circumstances where a jury panel is not already legally in existence. Section 93-1512 applies only where for some reason there are not. sufficient numbers on the original panel to complete the business of the court for the particular term involved. Here, the District Court entirely ignored sections„93-1501 and 93-1509 and the majority has approved this bypass. The procedure actually used by the Distict Court is fraught with dangers and is hardly the procedure to be approved for summoning an entire jury panel when a man is on trial for his life.
Here, a District Court, after dismissing an entire jury panel for procedural irregularities in the summoning process, commits an error equally as grave in allowing the clerk of court to obtain sixty willing jurors by calling them on the telephone.
We have no idea of the actual number of jurors called before sixty of them agreed to sit. We do not know the exact procedure used by the clerk in calling the jurors. Did he go down the list alphabetically and continue calling until he obtained the required number of jurors? Did he call jurors in areas of Yellowstone County where, from previous experience, he determined it would be most likely to get an affirmative response? Did he in fact call most of the jurors first who lived on the west side of Billings, commonly known to be the area-where “successful” people live? What did the clerk of court tell each person when he called? What excuses did the potential jurors give if they stated they could not sit on the jury panel? Did they have a legal excuse for not appearing? Did the clerk tell the jurors what excuses would be permissible? We will never know the answers to these questions. Of one thing, however, I am certain. If it so happened that the sixty jurors ultimately serving were a true cross-section of the residents of Yellowstone County, it was an accident. It did not occur because the District Court *43 scrupulously followed the law. Under these circumstances, it is a travesty to allow the conviction to stand. .
In State v. Fitzpatrick, (1977), 174 Mont. 174, 569 P.2d 388, this Court stated:
“This Court has long held the accused in a criminal prosecution is constitutionally guaranteed a trial by an impartial jury selected and drawn in accordance with the law. State ex rel Henningsen v. District Court, supra; State v. Hay, 120 Mont. 573, 194 P.2d 232; Supont v. McAdow, 6 Mont. 226, 9 P. 925. Any material deviation or departure in procuring a jury has been held to constitute a denial of fundamental constitutional rights. State v. Porter, supra [125 Mont. 503, 242 P.2d 984], State v. Groom, 49 Mont. 354, 141 P. 958; State v. Tighe, 27 Mont. 327, 71 P.3; reversed on other grounds 35 Mont. 512, 90 P.981.” (Emphasis added.)
In the present case there was not only a material departure in procuring a jury, there was a total failure to follow the applicable law. Clearly, the defendant has been denied a fundamental constitutional right.
For the foregoing reason I would reverse defendant’s conviction and order a new trial.